O. E. McCLAIN v. HERMAN SWEARINGEN, a minor, by S. V. Swearingen, as his next friend.

10 So. (2nd) 564                 June Term, 1942
November 27, 1942                Division A
Rehearing Denied December 9, 1942

**12**

*Harry T. Gray, Marks, Marks, Holt, Gray & Yates,* for appellant.

*Will O. Murrell, Keen & Allen, J. Velma Keen, Wm. P. Allen* and *A. Frank O'Kelley, Jr.,* for appellee.

ADAMS, J.:

This appeal is from a judgment against defendant on a jury verdict. Plaintiff, a fifteen year old youth, bases his right of action on these facts. That he and one of defendant's trucks were traveling in the same direction on a street in the City of Jacksonville. Plaintiff was on a bicicle; the truck was loaded with sand. The street was paved but somewhat uneven. The truck was in its proper place on the street and was traveling from fifteen to twenty miles per hour. It is plaintiff's contention that while the truck was in the act of passing him some part of the truck body hooked his right handle bar and while endeavoring to extricate himself he was thrown under the truck and sustained injury to himself and bicycle.

Pleas of not guilty and contributory negligence were filed.

Several questions are argued but as we view the case it it necessary for us to decide only one. That is, whether there appears sufficient evidence to charge the defendant with actionable negligence.

If the plaintiff's evidence taken as a whole does not show a breach of duty as between the parties the action fails. Before we are justified in considering questions of contributory negligence or damages we must be satisfied that a prima facie case of negligence is made against defendant. We therefore resort to the record in search for some act of omission or commission which could be chargeable to defendant. The

unfortunate event was in daylight so the question of lights does not become material. The speed was not improper. The position on the street is not questioned. No contention is made that the truck or body thereon was other than such as a reasonably prudent person would have and operate under similar circumstances. There was no question about signals being required or given.

Considering the plaintiff's evidence as a whole it does not show actionable negligence hence the judgment must be reversed. See Ward v. City Fuel Oil Company, Inc., 147 Fla. 320, 2 So. (2nd) 586.

Reversed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.