WIGGINTON, Chief Judge.
Plaintiffs have appealed a final judgment rendered in favor of defendant on its post-trial motion in accordance with its motion for a directed verdict made at the conclusion of the evidence.
Plaintiffs sued defendant for damages sustained as a result of defendant’s negligent operation of its motor vehicle as a consequence of which it ran into and against a bicycle on which the minor plaintiff was riding, causing her to be thrown to the pavement and injured. Defendant pleaded general denial and contributory negligence as its defenses to the action. At the conclusion of the evidence defendant moved for a directed verdict, which was denied. The jury retired and returned a verdict in favor of plaintiffs to which defendant filed its motion for judgment in accordance with its previous motion for directed verdict, and for a new trial. The court granted only the motion for judgment upon which it entered final judgment in favor of defendant. The court did not rule upon defendant’s motion for a new trial.
*326 The evidence adduced by the plaintiffs, when considered in a light most favorable to them, reveals the following facts and inferences. Plaintiff seven-year-old child was riding her bicycle east on a paved street in the City of Jacksonville at a point approximately three feet north of the south edge of the street. Defendant’s driver operating its tractor-trailer in an easterly direction approached plaintiff from the rear and as it attempted to pass, the right rear wheel of the tractor struck the left handlebar of the bicycle on which plaintiff was riding, causing her to be thrown to the pavement resulting in serious personal injuries. From these facts the jury could properly have inferred that defendant’s driver either negligently failed to keep a proper lookout ahead, failed to observe the position of plaintiff riding her bicycle along the right-hand edge of the roadway and failed to take such evasive action as was necessary to void colliding with plaintiff, or that it negligently drove its vehicle so close to the bicycle on which plaintiff was riding as to cause the right rear wheel of the tractor to collide with and engage the left handlebar of plaintiff’s bicycle causing it to be thrown to the ground.
Defendant sought to impeach the testimony of plaintiffs’ principal witness by showing a discrepancy between his trial testimony and the testimony he gave in a deposition prior to trial. Defendant also sought to prove by another eyewitness that the minor plaintiff rode her bicycle out of the driveway of a filling station on the south side of the street into the side of the tractor-trailer unit operated by defendant’s driver, and that the latter was free from fault. It was wholly within the province of the jury to pass upon the credibility of the witnesses and to decide which witnesses it would believe ana which ones it would not. The credibility of witnesses and the weight of the testimony is exclusively a jury function, and not one to be performed by the trial court in passing upon a motion for directed verdict or for judgment in accordance therewith.
In commenting upon the law applicable to the factual situation we find to exist in the case sub judice, this court in the case of Love v. Adams [1] said:
“The principles to be applied in disposing of a motion for a judgment notwithstanding the jury verdict are well established in Florida. In Smith v. Peninsular Life Insurance Co., 181 So.2d 212, 19 A.L.R.3d 1326 (Fla.App.1966), we quoted with express approval the following statement of those principles from the opinion of the District Court of Appeal, Second District of Florida, in Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (1964):
“ ‘Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. Cf. Ely v. Atlantic Coast Line R. R. Co., Fla.App.1962, 138 So. 2d 521, 524 and cases there cited. The movant admits all material facts as attested by his adversary and also admits all inferences of fact favorable to the adversary that reasonably might be drawn from the evidence as a whole. Cash v. Gates, Fla.App.1963, 151 So.2d 838, 840. If there is room for difference among reasonable men as to the existence of a material fact sought to be established, or as to a material inference which reasonably might be drawn from established facts, the case should be submitted to the jury. E. g. Budgen v. Brady, Fla.App. 1958, 103 So.2d 672, 674. On the instant record we cannot agree that a jury could not, as a matter of law, reach a valid verdict for the plaintiff. Accordingly that portion of the order *327 granting judgment notwithstanding the verdict is reversed.’”
We have not ignored the decision in McClain v. Swearingen [2] cited and relied upon by appellee in support of the judgment appealed. Although some of the facts recited in the opinion in the case are similar to those in the case sub judice, the facts developed at the trial are only sketchily recounted in the published opinion. It is evident that the court’s decision in McClain was based upon a careful consideration of the entire evidence taken as a whole which was adduced at the trial, and from such consideration the court concluded that plaintiff had failed to prove a prima facie case of negligence. It is our view that each case of this kind must be determined in light of all the facts shown by the record, and all reasonable inferences flowing therefrom.
We hold that the evidence reflected by the record in this case as adduced by the plaintiffs at the trial is not essentially devoid of probative value, and there exists in the conflicts room for differences among reasonable men as to the existence of the material facts, and inferences which may be drawn therefrom, by which plaintiffs seek to establish the issue of liability. For these reasons we conclude that the trial court erred in granting final judgment in favor of defendant in accordance with its motion for directed verdict made at the conclusion of the evidence. The judgment is accordingly reversed and the cause remanded with directions that the trial court consider and pass upon defendant’s motion for a new trial still pending in the cause and of which no disposition has yet been made.[3]
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Love v. Adams, (Fla.App.1967) 194 So.2d 55, 58, 59.

. McClain v. Swearingen (1942), 152 Fla. 11, 10 So.2d 564.

. McCloskey v. Louisville & Nashville Railroad Co., (Fla.App.1960) 122 So.2d 481.