JOHNSON, Chief Judge.
This is an appeal from a final judgment entered pursuant to a jury verdict arising from a wrongful death of an eleven-year old child. A verdict of $1961.23 was rendered to the father as administrator of the *61 estate of the deceased child and a verdict of $30,038.77 was rendered to the father, as such, of the deceased child.
Appellant has raised several points on appeal in which error is alleged, which we have somewhat combined for purposes of this opinion.
From the record on appeal it appears that the appellant while driving his motor vehicle along State Highway #298, meeting a greyhound bus, ran over the deceased child. It appears that about 600 feet separated the appellant’s car and the greyhound bus, the appellant observed some children playing near the road and that said children ran across the road either before or just after the greyhound bus had passed and that the conduct of the children were so noticeable that the appellant remarked to his minor son who was a passenger in his car that “them kids had better move there or they will get run over”. The appellant testified that after he saw the children, he let his foot off the accelerator and placed it on the brake but did not apply the brakes; that as he was coasting about 38 to 40 miles per hour at the time he passed the bus, and at that time he started applying the brakes and attempting to stop the car.
According to appellant’s testimony, the deceased child darted across the road to the middle of the road when he seemed to turn back but stopped and at that point had impact with the appellant’s automobile. After the accident the injured child was taken to Pensacola Naval Hospital, where he was operated on but he never did regain consciousness and died about 26 hours after the accident. The appellant had assigned as error the fact that there was insufficient evidence of negligence on the part of the appellant, either from the way of driving his car or the speed thereof to support the verdict.
He also raised the question of contributory negligence which was submitted to the jury. It appears to us that these questions were properly submitted to the jury and constituted facts from which the jury could reach the conclusion that the appellant was negligent in the operation of his automobile in view of the fact that he had observed these children darting across the road and also the question of contributory negligence on the part of the deceased child was properly within the province of the jury.
The appellant has also raised objection to the court giving the jury an instruction on the question of the speed limit in the business and residential zone. There appears to be some question as to whether or not the accident happened in a business or residential district inasmuch as it appears that there were both residences and businesses along one side of the Highway and the other side of the Highway was bound by water. The trial court instructed the jury as to the speed under both circumstances, depending upon whether the jury decided the accident happened in a residential or on open highway district, and therefore this being a proper question for the jury, we do not see any error.
Appellant was opposed to the jury instruction on the question of sudden emergency doctrine and upon the unpredictable and erratic behavior of children. We do not think there was any error in the giving of these charges under the circumstances of this case.
The appellant has raised the question that the trial court should have granted a mistrial because the appellee had informed the jury that the appellant was insured. We feel, and so hold, that Shingleton v. Bussey, Fla., 223 So.2d 713, is broad enough to permit such questions to the jury and especially in view of the fact the trial court denied the appellee’s motion to join said insurance company solely on the ground that to grant such motion at such late date would have caused a delay in trial.
*62 The appellee had a right to question the jurors to determine if either juror owned stock in said insurance company or whether or not it had its own insurance with the same company.
The other questions raised by the appellant seem to be without merit.
It appearing to us that the trial court did not commit error and that the question of liability and amount of damages were properly to be determined by the jury, the said final judgment is affirmed.
WIGGINTON and RAWLS, JJ., concur.