274 So.2d 894 (1973)
Richard LASBY, a Minor, by His Next Friend and Natural Guardian, Doris Lasby, and Doris Lasby, Appellants,
v.
Donald WOOD, a Minor, et al., Appellees.
No. 72-766.
District Court of Appeal of Florida, Fourth District.
March 16, 1973.
Rehearing Denied April 10, 1973.
William H. Roundtree, Cocoa, for appellants.
*895 Edna L. Caruso and Bruce T. McKinley of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Rockledge, for appellee Allstate Ins. Co.
PER CURIAM.
Appellants-plaintiffs, Richard Lasby, by his next friend and natural guardian, Doris Lasby, and Doris Lasby, appeal a final judgment entered in favor of appellee-defendant, Allstate Insurance Company, in an action to determine the existence vel non of liability insurance coverage for a motor-cycle-automobile collision. We reverse.
An action for damages was filed by appellants-plaintiffs against Donald Wood, the driver of the automobile, his father and owner of the automobile, Charles Wood, doing business as Woody's Repair Service, and Allstate Insurance Company, the alleged carrier of liability insurance for Woody's Repair Service. Allstate contended that its insurance policy issued to Woody's Repair Service had expired prior to the date of the collision, and if not expired, that it provided coverage for only non-owned motor vehicles. The trial court ordered a separate trial on the existence vel non of insurance coverage, and at the close of plaintiff's case, directed a verdict in favor of Allstate. This appeal followed.
On appeal, the sole issue presented is whether the trial court erred in directing a verdict for appellee-defendant, Allstate Insurance Company, at the close of appellants-plaintiffs' case. The law in Florida on directed verdicts is clear. A trial court may not grant a directed verdict against a plaintiff unless the evidence and all inferences drawn therefrom, when viewed in the light most favorable to plaintiff, are such that the jury could not lawfully find a verdict for plaintiff. See Swilley v. Economy Cab Co., 56 So.2d 914 (Fla. 1951); Ball v. Inland Mutual Insurance Co., 121 So.2d 470 (Fla.App. 1960); Furr v. Gulf Exhibition Corporation, 114 So.2d 27 (Fla. App. 1959).
Applying this test to the evidence submitted by plaintiff we are unable to say that a jury, when viewing the evidence in the light most favorable to plaintiff could not lawfully find a verdict for plaintiff.
Accordingly, the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.
Reversed and remanded.
WALDEN, CROSS and MAGER, JJ., concur.