311 So.2d 708 (1975)
Howard J. LEVINE, Appellant,
v.
Robert R. FRANK et al., Appellees.
No. 74-552.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 13, 1975.
*709 Noriega & Bartel, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Howard J. Levine, plaintiff in the trial court, appeals a directed verdict in favor of the defendants entered during a jury trial, at the close of the evidence presented by the plaintiff. The complaint alleged several counts for damages, including one count for conversion.
The case arose in the following manner: In 1964, one S. Richard Bauman approached the plaintiff, Howard J. Levine, with an offer of 50 per cent in a business venture in Memphis, Tennessee. The plaintiff agreed to participate, and each man put up $3,000 to purchase the parcel of property on which they intended to build a motel. The plaintiff contacted his cousin, the defendant, Robert Frank, a licensed Florida attorney who agreed to incorporate the venture and help get a motel franchise. Defendant Frank performed the said services and received 10 per cent of the plaintiff's stock in payment. At trial, the plaintiff claimed that he gave Frank 10 per cent of his stock for the corporate work and also for personal legal services. Frank denied any personal attorney-client relationship. Thereafter, without advice from defendant Frank, Levine negotiated a sale of his remaining 40 per cent of the corporate stock to Bauman, his partner in the corporation. Frank was an officer of the corporation and he kept the corporate books. Levine and Bauman asked Frank to draft the sales agreement and a note for the purchase price of $40,000 which was signed by Bauman and his wife.
At trial, the plaintiff, Levine, claimed that the agreement contained an escrow agreement whereby the defendant, Frank, agreed to hold plaintiff's stock as escrow agent and not release it to Bauman until the amount of the note plus interest had been paid. Frank claimed that although an escrow agreement was to have been drafted *710 later, it was never written, he never agreed to be the escrow agent and he was never advised not to release the stock. Subsequently, Bauman requested that Frank issue the stock to him as per the sales agreement. Frank, then, as secretary of the corporation, issued 100 per cent of the stock to Bauman and himself in order to obtain secondary financing. It is undisputed that the stock was issued by defendant Frank to Bauman before the note was due and before the note obligation of $40,000 was paid to Levine. The plaintiff instituted litigation on the note in Tennessee, but settled for $12,000 and signed a release of the entire obligation. Thereafter, Levine filed the instant lawsuit against the named defendants in Dade County, Florida. A jury trial was held and after all of the plaintiff's evidence was presented, the defendant moved for a directed verdict, the court granted the motion and this appeal ensued.
On motion for directed verdict, the moving party admits all facts proved by the evidence adduced and every conclusion favorable to the non-moving party that the jury might fairly and reasonably infer from the evidence. Darr v. Aglin, Fla.App. 1973, 279 So.2d 62. The evidence must be considered in a light most favorable to the nonmoving party. Seigel v. Mt. Sinai Hospital of Greater Miami, Inc., Fla.App. 1971, 250 So.2d 332. In considering a defendant's motion for directed verdict at the close of the plaintiff's case, the trial judge is "... required to evaluate the testimony in the light most favorable to the plaintiff, who is entitled to all reasonable inferences deducible from the evidence." Sparks v. Ober, Fla.App. 1968, 216 So.2d 483, 484.
"The law in Florida on directed verdicts is clear. A trial court may not grant a directed verdict against a plaintiff unless the evidence and all inferences drawn therefrom, when viewed in the light most favorable to plaintiff, are such that the jury could not lawfully find a verdict for plaintiff." Lasby v. Wood, Fla. App. 1973, 274 So.2d 894, 895. Accord, Florida East Coast Railway Company v. Morgan, Fla.App. 1968, 213 So.2d 632.
The court's view of the plaintiff's evidence on motion by a defendant for a directed verdict must favor the plaintiff and any conflict in the evidence must be resolved in favor of the plaintiff. Beagle v. Bagwell, Fla.App. 1968, 215 So.2d 24, 26; Thee v. Manor Pines Convalescent Center, Inc., Fla.App. 1970, 235 So.2d 64. In Jones v. Hoffman, Fla.App. 1970, 239 So.2d 76, the court states at page 78 that "(i)n passing on a motion for directed verdict the trial court must accept as true all of the evidence and reasonable inferences therefrom which tend to support the position of the party moved against."
After careful study of the briefs, the transcript and the record on appeal, we find that the trial court was eminently correct in granting the motion for a directed verdict as to each count except as to the count for conversion of the stock held as security for the note. The complaint alleges sufficient allegations for conversion of plaintiff's stock.
The plaintiff's evidence as to conversion, adduced at the trial was sufficient to support the allegations in the complaint and to survive the motion for directed verdict. Therefore, the directed verdict as to the count for conversion is reversed and the cause is remanded to the circuit court for a trial on the merits of the count for conversion.
Affirmed in part, reversed in part and remanded with directions.