387 So.2d 499 (1980)
TESHER & TESHER, P.A., a Florida Professional Association, Appellant,
v.
Ira ROTHFIELD and Ira Rothfield, D.D.S., P.A., Appellee.
No. 79-2188.
District Court of Appeal of Florida, Fourth District.
August 27, 1980.
Sheldon Evans of Freeman & Evans, P.A., Miami, for appellant.
Jonathan J. Davis of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellee.
PER CURIAM.
After two mistrials the trial court directed a verdict for appellee, defendant below. This appeal is predicated upon alleged error in entering the directed verdict.
The crux of appellant's argument is that the directed verdict was inappropriate. Appellant cites a number of cases for the proposition that it is reversible error for the trial court to direct a verdict where there is "some, slight or any minimal evidence" tending to prove the plaintiff's case. Appellant correctly points out that a directed verdict should not be entered unless no proper view of the evidence could sustain a verdict for the party moved against. Sun Life Ins. Co. of America v. Evans, 340 So.2d 957 (Fla.3d DCA 1976).
In order for this court to determine whether the directed verdict was proper, we are required to look to the evidence presented to the jury in order to apply the tests to which we have previously made reference. The record before us in this case is bereft of testimony or other evidence, consisting solely of the pleadings, a transcript of one hearing, and orders of the court. The burden to make a record and to see that it is transmitted to the appellate court is on appellant. On the present record, no abuse of discretion could be demonstrated.
Rule 9.200(f)(2) of the Florida Rules of Appellate Procedure provides that "No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given."
Appellant is therefore given forty-five days within which to supplement the record.
MOORE, HERSEY and GLICKSTEIN, JJ., concur.