430 So.2d 576 (1983)
Mary S. HOWARTH, Appellant,
v.
Mary Sara MOREAU, Appellee.
No. 82-717.
District Court of Appeal of Florida, Fifth District.
May 4, 1983.
*577 Charles T. Moore of Kennedy & Hogeboom, South Daytona, for appellant.
Robert W. Pope of Law Offices of Robert W. Pope, P.A., St. Petersburg, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Mary S. Howarth appeals from a final judgment after jury trial which ruled that a gift of real property had been made in favor of her niece, Mary Moreau.
Howarth contends that there was no evidence to support the jury's conclusion that a quit claim deed (executed by Moreau's grandmother to Moreau) had been delivered and therefore the court should have directed a verdict for Howarth.
The property in question had been owned by Howarth and her mother (Moreau's grandmother) jointly with right of survivorship since 1945. The property had been erroneously included as part of a trust by attorney Catherine Carter, who is Moreau's mother, and Howarth's sister. Howarth and her mother successfully sued to have this "trust" and the conveyance of the land declared a nullity.
The grandmother had on several occasions stated that she wanted Moreau to have the property. During the pendency of the litigation attacking the trust, she instructed her long time attorney, Sidney Taylor, to prepare a quit claim deed conveying her one-half interest in the property to Moreau. She executed the deed but according to Taylor's testimony, instructed him not to deliver it until the time for filing an appeal had expired, or, if an appeal were taken, until the appeal had been concluded. An appeal was taken and Taylor testified that prior to the conclusion of the appeal, the grandmother ordered him to destroy the deed, but he informed her he could not because he had produced the deed in discovery proceedings connected with the pending litigation. The grandmother died before the appeal was concluded.
The ultimate question presented by this appeal is whether there was any credible evidence from which the jury could determine there had been a delivery of the deed prior to the grandmother's death. We reverse, concluding there was none and the court should have granted a directed verdict on the question of delivery.
A directed verdict should not be granted where there is any reasonable evidence tending to prove the plaintiff's case. American Motors Corp. v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981). If the evidence is conflicting or different conclusions or inferences could be drawn, the motion must be denied. Memorial Park, Inc. v. Spinelli, 342 So.2d 829 *578 (Fla. 2d DCA 1977). However, when the evidence and reasonable inferences therefrom fail to prove the plaintiff's case, a directed verdict is appropriate. Hartnett v. Fowler, 94 So.2d 724 (Fla. 1957).
Delivery is an essential requisite of the execution of a deed conveying valid legal title and without delivery, nothing passes to the grantee. McCoy v. Love, 382 So.2d 647, 649 (Fla. 1980). The determining factor in any case is the intention of the grantor. The test for delivery is whether the grantor intended to reserve to herself the opportunity to change her mind. Parramore v. Parramore, 371 So.2d 123 (Fla. 1st DCA 1978).
We conclude that there is no evidence in the record from which the jury could have concluded there was unconditional delivery of the deed. If anything, the record contains uncontradicted evidence that the grandmother gave Taylor the deed to hold conditionally, pending the taking of an appeal and conclusion thereof and that he produced it for Moreau's inspection only pursuant to a court order to do so. We therefore hold that the trial court erred in failing to grant Howarth's motion for a directed verdict.
REVERSED and REMANDED for entry of judgment for Howarth.
DAUKSCH and COWART, JJ., concur.