435 So.2d 879 (1983)
Ethel REAMS, Appellant,
v.
Blanche VAUGHN and Herman Vaughn, Etc., and Marianne Goins, Jointly and Severally, Appellees.
No. 82-803.
District Court of Appeal of Florida, Fifth District.
July 7, 1983.
Rehearing Denied August 9, 1983.
*880 S.G. Green, Orlando, for appellant.
Charles B. Tiffany, Kissimmee, for appellees.
ORFINGER, Chief Judge.
After a jury had returned a verdict for plaintiff in an action for damages based on a claim of fraud and misrepresentation, the trial court granted defendants' motion for directed verdict upon which he had reserved ruling, and alternatively, granted a new trial, basing both rulings on an "insufficiency of the evidence." We reverse.
This unfortunate family dispute arose when appellant (plaintiff below) filed suit against her daughter, Blanche Vaughn, and her granddaughter, Marianne Goins, claiming that they had obtained $20,000 from her on the fraudulent promise that they would convey certain property to her; that they had only conveyed part of what they promised and that she would not have paid them the money had she known that they did not intend to convey all the property to her. Although the evidence at trial was sharply in dispute, there was evidence presented which would tend to support plaintiff's complaint.

(a) The directed verdict.

On a motion for directed verdict, the court must view the evidence adduced and every conclusion therefrom in a light most favorable to the nonmoving party, resolving every conflict and inference for that party. This is the test at the trial level, Levine v. Frank, 311 So.2d 708, 710 (Fla. 3d DCA 1975), as well as the standard of review at the appellate level. McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981). If, in applying this test, no view of the evidence could sustain a verdict for the party moved against, then the directed verdict was properly entered. Tesher & Tesher, P.A., v. Rothfield, 387 So.2d 499 (Fla. 4th DCA 1980). This is so whether the motion for directed verdict is made prior to the verdict or after the verdict in accordance with a prior motion for directed verdict. Whitman v. Red Top Sedan Service, Inc., 218 So.2d 213 (Fla. 3d DCA 1969).
Considering the evidence presented and all inferences and conclusions therefrom in favor of the non-moving party, we conclude that there was evidence which would support plaintiff's claim, so the entry of a directed verdict was error.

(b) The new trial.

Appellant first contends that the trial court had no authority to grant a new trial as alternative relief in the event the granting of a directed verdict was reversed on appeal. Appellant further contends that even if the trial court has this authority, it abused its discretion when it ordered the new trial.
Florida Rule of Civil Procedure 1.480(c) says:
A motion for a new trial may be joined with this motion [for a directed verdict] or a new trial may be requested in the alternative. If a verdict was returned, *881 the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.
In Kaufman v. Sweet et al Corp., 144 So.2d 515 (Fla. 3d DCA 1962), the court specifically held that under the former rule (Rule 2.7, Fla.R.C.P.), it was proper for the trial court to grant a judgment n.o.v. and alternatively, to grant a new trial should the first order be reversed on appeal. This procedure has also been approved under the current rule. Navarro v. City of Miami, 402 So.2d 438 (Fla. 3d DCA 1981).
This court was faced with an order granting a motion for a directed verdict, and alternatively a new trial, in Kikis v. Ford Motor Co., 386 So.2d 306 (Fla. 5th DCA 1980). Although reversing both orders, no reference was made to the propriety of the procedure. However, the procedure was implicitly approved by the supreme court when, in reversing this court's disapproval of the order granting a new trial, it said:
The district court's apparent failure to apply this standard requires that we quash the decision and remand this cause solely for a reexamination of the trial court's alternative grant of a new trial.
Ford Motor Co. v. Kikis, 401 So.2d 1341, 1342 (Fla. 1981).
In Wackenhut v. Canty, 359 So.2d 430 (Fla. 1978), the supreme court resolved conflicting rules of law governing appellate review of orders granting new trials. From this decision, we perceive the rule to be that a new trial can be granted only if the trial court concludes that the verdict rendered was contrary to the manifest weight of the evidence or if the jury was influenced by considerations outside the record. Additionally,
Although an order for new trial need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of those two conclusions so that it will be susceptible of appellate review [citation omitted]. Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused.
359 So.2d at 435. The supreme court further reaffirmed its earlier determination in Hodge v. Jacksonville Terminal Co., 234 So.2d 645 (Fla. 1970), that a finding by the trial court that a verdict was "contrary to the evidence" was not tantamount to a finding that the verdict was against the manifest weight of the evidence and was thus not a sufficient basis for the granting of a new trial.
Wackenhut sets the standard for the granting of a new trial and requires articulation of the reasons for granting it. Later decisions of the supreme court in Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980), and Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1982), reaffirm the rule of Wackenhut. Although the standard for appellate review is whether the trial court abused its broad discretion in granting a new trial, Kikis, before we can reach this question it must first appear that the grant of a new trial was based on one or more of those grounds set forth in Wackenhut  that the verdict is against the manifest weight of the evidence or that the verdict was influenced by matters or considerations outside of the record. No such finding is made here. The court's finding that there was an "insufficiency of evidence" does not equate to a finding that it was against the manifest weight of the evidence, any more than does a finding that the verdict is "contrary to the evidence." Hodge.
Thus we need not reach the question of the reasonableness of the trial court's action, because the stated ground does not meet the test of sufficiency as a ground on which an order for new trial may be supported. Wackenhut. In setting aside a verdict and granting a new trial absent the *882 proper finding, the trial court acts only as a seventh juror with veto power, and this it may not do. Wackenhut at 435.
The order granting the directed verdict for defendants, or alternatively granting a new trial, is reversed with directions to reinstate the final judgment for appellant based on the jury verdict.
REVERSED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.