ORFINGER, Chief Judge.
Because a directed verdict should not be granted where there is any reasonable evidence upon which a jury could legally predicate a verdict in favor of the plaintiff, American Motors Corp. v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981), and because the court, in passing on a motion for directed verdict must evaluate the evidence and every reasonable inference to be drawn therefrom in a light most favorable to the plaintiff, Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983), the entry of a directed verdict in favor of defendant here was error. There was evidence presented that the proper procedure in removing a water meter from occupied premises was to either install a by-pass so that the customer could continue to receive water pending installation of a new meter, or to close the cut-off valve on the customer’s side of the meter, so that water already in the system would not escape. There was also evidence from which the jury could have concluded that neither measure was taken here when the city removed the water meter; that, as a result, the water in the plaintiff’s system backed up and escaped, thereby depriving plaintiff’s air conditioning system of water which it required to operate properly, and that this omission was the proximate cause of the damage to the air conditioning system.
The final judgment is reversed and the cause remanded for a new trial.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.