PER CURIAM.
There was a collision between an automobile operated by William Cronin, Jr., and a bicycle ridden by nine-year-old Brian Good-stein. A negligence action ensued with comparative negligence being asserted as an affirmative defense.
*870 It appears that the accident happened in the daytime during a heavy rainfall. Good-stein was riding his bicycle on the sidewalk. His way was blocked by a parked car in a driveway whereupon Goodstein went around the parked ear and into the street and was struck by Cronin. There were trees in the swale between the sidewalk and the road.
The trial court directed a verdict in favor of Cronin (and the other defendants). We reverse and remand for a new trial.
The standards to be applied in directing a verdict are well known and do not need repeating. See Echols v. Hammet Company, Inc., 423 So.2d 923 (Fla. 4th DCA 1982), pet. for rev. den., 434 So.2d 887 (Fla.1983); Tesher & Tesher v. Rothfield, 387 So.2d 499 (Fla. 4th DCA 1980). Here there were conflicts and inferences in the evidence such as whether Cronin applied his brakes soon enough, whether he was sufficiently observant, and whether he acted as a reasonably prudent person under the circumstances so as to preclude entry of a directed verdict. We reverse in order that a jury may make the determinations upon authority of Miami Paper Co. v. Johnston, 58 So.2d 869 (Fla.1952); McQueen v. Atlantic Truck Service, Inc., 215 So.2d 325 (Fla. 1st DCA 1968); Mathis v. Lambert, 274 So.2d 601 (Fla. 3d DCA 1973); and Bilams ¶. Metropolitan Transit Authority, 371 So.2d 693 (Fla. 3d DCA 1979).
Reversed and remanded for a new trial.
DOWNEY, LETTS and WALDEN, JJ., concur.