484 So.2d 1267 (1986)
Jesse J. JENNINGS, et al., Appellants,
v.
Joe F. RAY, Appellee.
No. 85-367.
District Court of Appeal of Florida, Fifth District.
February 6, 1986.
Rehearing Denied March 19, 1986.
*1268 Leon M. Boyajan, II, of Law Offices of J. Russell Hornsby, P.A., Orlando, for appellants.
Carey N. Bos of Rogers, Dowling & Bos, Orlando, for appellee.
UPCHURCH, Judge.
The Jenningses appeal from a final judgment in favor of Joe Ray in a personal injury action. The Jenningses had filed suit against Ray, claiming that Mrs. Jennings was injured in a rear-end collision caused by Ray. The court below concluded that the evidence failed to establish that Mrs. Jennings' injuries were the result of the collision and directed a verdict in Ray's favor. We find that the court erred in directing the verdict and accordingly reverse and remand for a new trial.
At trial, Mrs. Jennings testified that as she waited to turn at an intersection, she heard "something go, a boomp like that." Mrs. Jennings looked up in the mirror at Ray's car and said: "Oh, God, he done hit me in the back." Mrs. Jennings testified that the impact moved her forward toward the steering wheel and that she felt a jerk in her back and was in pain. On cross-examination, defense counsel elicited the fact that Mrs. Jennings' car did not move forward in the accident and that it stayed in the same spot where it had been bumped.
Dr. Badzinski, Mrs. Jennings' chiropractor, testified that she had suffered a whiplash injury, that the injury was permanent, and that she had a three percent whole person impairment. On cross-examination, Dr. Badzinski testified that if Mrs. Jennings' car did not move at all, then there could be no injury and hence Mrs. Jennings' complaints must have resulted from something else.
At the conclusion of the Jenningses' case, defense counsel moved for a directed verdict on the basis that the plaintiffs had failed to establish causation. The defense argued that since Mrs. Jennings testified that her car did not move and Dr. Badzinski testified that there could be no injury without movement, evidence of causation, which is an essential element of a negligence action, was missing. The court accepted this argument and directed a verdict in favor of Ray.
A directed verdict should not be granted where there is any reasonable evidence tending to prove the plaintiff's case. Howarth v. Moreau, 430 So.2d 576 (Fla. 5th DCA 1983). If the evidence is conflicting or different conclusions or inferences could be drawn, the motion must be denied. Id. However, when the evidence and reasonable inferences therefrom fail to prove the plaintiff's case, a directed verdict is appropriate. Id.
Here the evidence adduced by the Jenningses did not conclusively establish a lack of causation. Dr. Badzinski testified that there could be no injury if Mrs. Jennings' car did not move at all. Mrs. Jennings never testified that her car did not move at all but merely that it did not move forward out of its spot.
In any event, Mrs. Jennings' car need not have been pushed forward by Ray's vehicle in order for her to have suffered injuries. Dr. Badzinski testified that Mrs. Jennings suffered a whiplash injury. The majority of whiplash injuries occur when one vehicle, either stopped or moving slowly, is struck in the rear by a more rapidly moving vehicle. See 1B Attorney's Textbook of Medicine 10A.01 (Bender 3rd ed. 1981). The rear-end collision results in a series of rapid accelerations and decelerations of the frame of the car, the upholstery and the occupants of the car. The occupants may be injured because although the body can adjust to slow changes in velocity, it is not well adapted to rapid changes of velocity. The collision need not occur at high speeds, either, to cause severe injury. According to one study, it is *1269 possible to create a load on the head of more than one hundred pounds at a collision under fifteen miles per hour. Id. Here, Mrs. Jennings estimated that Ray's vehicle was going about ten miles per hour when it hit her. Thus, while perhaps this particular collision did not result in sufficient energy to push Mrs. Jennings' car forward, it was still capable of causing a whiplash injury to Mrs. Jennings. Since there was evidence from which the jury could have concluded that Ray's negligence in operating his vehicle was the proximate cause of Mrs. Jennings' injuries, the trial court erred in directing a verdict in favor of Ray.
REVERSED and REMANDED for new trial.
COBB, C.J., and SHARP, J., concur.