ON MOTION FOR REHEARING
PER CURIAM.
Moving for rehearing, appellants contend it is contradictory for this court earlier to have reversed summary judgment granted the defendants in the trial court, Sylvester v. City of Delray Beach, 431 So.2d 738 (Fla. 4th DCA 1983) (“Sylvester I”), and now to have affirmed a subsequent directed verdict for the defendants on the plaintiffs’ claims their suspension from employment was unlawful, Sylvester v. City of Delray Beach, 486 So.2d 607 (Fla. 4th DCA 1986). We disagree.
In testing a complaint on a motion to dismiss, all facts properly pleaded are deemed admitted. On an appeal from a final judgment dismissing the complaint, it is irrelevant whether or not the appellant would have been able to present sufficient evidence to prevail on the merits.
Fearick v. Smugglers Cove, Inc., 379 So.2d 400, 402 (Fla. 2d DCA 1980) (citations omitted). Summary judgment is rendered *608 in favor of the movant if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Florida Rule of Civil Procedure 1.510(c).
The following states the standard for granting a directed verdict, as well as for appellate review of such a verdict:
In reviewing the entry of a directed verdict, we must consider the evidence and all allowable inferences in a light most favorable to the non-moving party. This is the test at the trial level, Levine v. Frank, 311 So.2d 708 (Fla. 3d DCA 1975), as well as the standard of review at the appellate level. McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981). If, in applying this test, no view of the evidence could sustain a verdict for the party moved against, then the directed verdict was properly entered. Reams v. Vaughn, 435 So.2d 879 (Fla.1983); Tesher & Tesher, P.A. v. Rothfield, 387 So.2d 499 (Fla. 4th DCA 1980).
Ritz v. Florida Patient’s Compensation Fund, 436 So.2d 987, 988 (Fla. 5th DCA 1983).
The opinion in Sylvester I does not specifically mention a count of unlawful suspension; however, its general language appears to apply to all counts of the plaintiffs’ complaints. When this court reversed the summary judgments, it evidently reversed them so as to reinstate the complaints in their entirety. However, the court summed up the basis for the reversals as follows:
An examination of the record demonstrates a genuine issue of fact as to whether appellees were guilty of the foregoing charges. The proof adduced by appellees simply did not show that the charges made in the complaint were mere paper issues.
431 So.2d at 739.
A statement that the charges are not mere paper issues is not necessarily in conflict with a later determination, when the evidence is in — as contrasted with a time when the non-moving party s pleadings are taken to be true — that there is no way the evidence can sufficiently support a verdict for the non-moving party. Although a court’s actions on both a motion for summary judgment and a motion for a directed verdict entail deciding whether the movant is entitled to judgment as a matter of law, the postures at the times of the two motions are different, and the considerations are different.
Appellees cite a case in which an appellate court foresaw as a possibility just such a combination of results as occurred here. In Rianhard v. Rice, 119 So.2d 730, 731 (Fla. 1st DCA 1960), although determining that the summary judgment granted by the trial court was erroneous, the appellate court wrote:
It may be that upon a trial of this cause the evidence regarding contributory negligence will impel the trial court to direct a verdict for the defendant, but in so doing it will be confronted with entirely different considerations than when passing upon the motion for summary judgment.
While this quotation may seem to apply narrowly to a case involving contributory negligence, it is also a reflection of the fact that at summary judgment all proper pleadings of the non-movant are taken to be true, but at the time of a directed verdict the non-movant has presented all of his evidence.
Rehearing is denied.
GLICKSTEIN, J., HURLEY, DANIEL T.K., and GODERICH, MARIO P., Associate Judges, concur.