COBB, Judge.
The issue in this appeal is whether the trial court properly entered a partial directed verdict in favor of appellee/plaintiff below, Charles Murray, on the issue of the statute of limitations in a medical malpractice action brought against appellant/defendant below, Dr. Santiago Leyte-Vidal.
Murray filed a complaint for medical malpractice on December 20, 1984. The complaint alleged that Murray first went to Dr. Leyte-Vidal on May 26,1982, complaining of weight loss, weakness and fever. The complaint further alleged that Leyte-Vidal provided treatment to Murray through June 15, 1982. On June 16, 1982, Murray suffered an embolism and stroke, which required hospitalization for over three months, followed by extensive physical and mental therapy and rehabilitation. The complaint alleged negligence on the part of the doctor by failing to diagnose the life-threatening situation prior to the stroke; failing to diagnose endocarditis, with which Murray was afflicted during his treatment; and failing to immediately order laboratory and blood tests. The complaint alleged that the embolism and stroke occurred as a result of the aforementioned malpractice.
Leyte-Vidal filed a motion to dismiss, claiming that the two-year statute of limitations for medical malpractice had passed prior to the filing of the suit. This motion was denied. Leyte-Vidal subsequently raised the statute of limitations in his answer as an affirmative defense. Murray filed a reply to the affirmative defense, alleging that the action was commenced within two years of when he knew or should have known of the complained-of negligence.
*1267 The issue of liability at trial centered on whether Leyte-Vidal’s failure to diagnose and treat the endocarditis rendered him liable for the damage caused by the subsequent stroke. The experts for Leyte-Vidal testified that his conduct was proper, whereas Murray’s experts said it was not. At the close of all the evidence the plaintiff moved for a directed verdict, which the court granted in part, determining that the limitations issue would not go to the jury.
The jury ultimately returned a verdict finding that Leyte-Vidal was negligent and awarded Murray $200,000. Leyte-Vidal appeals, contending the trial court erred in not allowing the statute of limitation question to go to the jury, since an issue was present as to whether the two-year statute of limitation ran prior to the filing of the complaint in December, 1984. Murray counters that the only evidence presented showed that while Murray was aware of his condition, he was not aware it was caused by the doctor’s negligence until a 1983 conversation with a friend.
The applicable statute of limitations in this case is section 95.11(4)(b), Florida Statutes (1981), which provides as follows:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An ‘action for medical malpractice’ is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
The statute of limitations in a malpractice suit begins to run either when the plaintiff has notice of the negligent act giving rise to the cause of action, or when the plaintiff has notice of the physical injury which is the consequence of the negligent act. Moore v. Morris, 475 So.2d 666 (Fla.1985); Nardone v. Reynolds, 333 So.2d 25 (Fla.1976); Wilhelm v. Traynor, 434 So.2d 1011 (Fla. 5th DCA 1983), petition for review denied, 444 So.2d 418 (Fla.1984). Knowledge of an injury alone does not necessarily put a plaintiff on notice that the injury was caused by the negligence of another. Such knowledge must be accompanied by either actual or constructive knowledge that the injury was caused by a negligent medical procedure to trigger the limitations period. Florida Patient’s Compensation Fund v. Sitomer, 524 So.2d 671 (Fla. 4th DCA 1988); Schafer v. Lehrer, 476 So.2d 781 (Fla. 4th DCA 1985). Where there is a factual question as to notice or discovery in a medical malpractice action, it is for the jury to decide when the statute of limitation commences. Florida Patient’s Compensation Fund v. Tillman, 453 So.2d 1376 (Fla. 4th DCA 1984), approved in part, quashed in part, 487 So.2d 1032 (Fla.1986); Sitomer; Weiner v. Savage, 407 So.2d 288 (Fla. 4th DCA 1981) (trial court’s ruling denying directed verdict on issue of statute of limitations affirmed); see also Moore (summary judgment on statute of limitations reversed based on notice question); Schafer.
In the instant case, Murray moved for a partial directed verdict on the statute of limitations based on his contention that he was unaware that any negligence had occurred until sometime in 1983. Murray points out that his mental condition was *1268 weakened by the stroke and that he would have been incapable of comprehending any such action while in the hospital. Leyte-Vidal counters that the evidence shows that Murray became aware of the endocar-ditis diagnosis while in the hospital and, thus, the statute of limitations began sometime prior to his discharge in August, 1982, meaning that it ran in August, 1984, some four months prior to the filing of the suit.
On a motion for directed verdict, the court must view the evidence presented and every conclusion therefrom in a light most favorable to the nonmoving party, resolving every conflict and inference for that party. If, in applying this test, no view of the evidence could sustain a verdict for the party moved against, the directed verdict was properly entered. Reams v. Vaughn, 435 So.2d 879, 880 (Fla. 5th DCA 1983). If the evidence is conflicting or different conclusions or inferences could be drawn, the motion must be denied. Jennings v. Ray, 484 So.2d 1267 (Fla. 5th DCA 1986); Howarth v. Moreau, 430 So.2d 576 (Fla. 5th DCA 1983).
In the instant case, there was evidence presented that Murray was told in the hospital that he had endocarditis. Although there is strong evidence that Murray was unaware his stroke was caused by endocar-ditis, we believe a jury issue was presented.
Accordingly, we reverse and remand for a new trial solely on the issue of the statute of limitations; there is no need to retry the issue of negligence or the issue of damages. If the trier of fact determines the limitations issue in Murray’s favor, judgment should be entered for Murray based upon the jury verdict returned in 1987.
REVERSED and REMANDED.
COWART and DANIEL, JJ„ concur.