PER CURIAM.
At the close of all the evidence, the trial court granted the motion for directed verdict made by Gloria E. Zimmerman Revocable Trust [the trust] and entered a final judgment pursuant to the directed verdict. The third party plaintiff, Bonnie Elmowitz a/k/a Bonnie Bernard, appeals from the final judgment entered in favor of the trust. We reverse and remand with instructions.
The Executive Card, a creditor of Red Checker Services, Inc. [Red Checker], brought a collection action against Red Checker, Frank Pemice, Claire Pernice, and Bonnie, the alleged successor in interest to Red Checker. Bonnie filed a cross-claim against Red Checker and a third party claim against the trust for conversion of her restaurant. Bonnie alleged that the trust, through its alleged agent Buddy Plotkin, assisted Red Checker in converting her property.
The case proceeded to trial. At the close of all the evidence, the trial court granted the trust’s motion for directed verdict. Pri- or to submitting the balance of the case to the jury, the trial court entered final judgment in favor of the trust. Despite having entered final judgment in favor of the trust, the court submitted special interrogatories to the jury to determine the issue of liability of both Red Checker and the trust.
The jury found Red Checker 85% liable and the trust 15% liable. The trial court entered judgment against Red Checker, but reduced the judgment by 15%. The trial court denied Bonnie’s motion for a new trial. Bonnie appeals from the final judgment entered in favor of the trust and the denial of her motion for a new trial.
It is well established that directed verdicts should be granted cautiously and only where the court concludes that no evidence has been submitted on which the jury could lawfully find for the non-moving party. Collins v. School Bd. of Broward County, 471 So.2d 560 (Fla. 5th DCA 1985); Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA 1985); Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979). “On a motion for directed verdict, the court must view the evidence adduced and every conclusion therefrom in a light most favorable to the non-moving party, resolving every conflict and inference for that party.” Reams v. Vaughn, 435 So.2d 879, 880 (Fla. 5th DCA 1983); see also Levine v. Frank, 311 So.2d 708 (Fla. 3d DCA 1975).
Considering the evidence presented in the instant case, we find that the evidence is conflicting in some of its material aspects. The jury should have been allowed to determine the credibility and probative force of the conflicting testimony. Accordingly, we reverse the final judgment entered pursuant to the directed verdict and remand the cause to the trial court with directions to reinstate the jury verdict. See Mabrey v. Carnival Cruise Lines, Inc., 438 So.2d 937 (Fla. 3d DCA 1983).
Reversed and remanded with directions to enter judgment in accordance with the jury’s verdict.