621 So.2d 1388 (1993)
T & R STORE FIXTURES, INC., Appellant,
v.
TRAVELERS INSURANCE COMPANY, Appellee.
No. 93-273.
District Court of Appeal of Florida, Third District.
August 10, 1993.
*1389 Hinshaw & Culbertson and Manuel A. Cuadrado, Miami, for appellant.
Gene Reibman, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
SCHWARTZ, Chief Judge.
There is no evidence that the insurance company in this case took any action to lead the insured to believe that the latter's broker had actual or apparent authority to collect premiums as an agent of the carrier. Compare Equitable Life Assur. Soc. of U.S. v. Mittelhauser, 130 Fla. 794, 178 So. 559 (1938); Nationwide Mut. Ins. Co. v. Mason, 218 So.2d 185 (Fla. 4th DCA 1969), cert. denied, 225 So.2d 912 (Fla. 1969). Specifically, the mere acceptance by the insurer of prior premium payments transmitted by the broker on its checks does not have that legal effect. See 4 Couch on Insurance 2d § 26A:59 (1984); 43 Am.Jur.2d Insurance § 884 (1982). The ordinary rule that an independent agent or broker acts on behalf of the insured, see Travelers Ins. Co. v. Quirk, 583 So.2d 1026 (Fla. 1991); Florida East Coast Properties, Inc. v. Tifco, Inc., 556 So.2d 750 (Fla. 3d DCA 1989); Rios v. Florida Farm Bureau Mut. Ins. Co., 371 So.2d 700 (Fla. 3d DCA 1979); Auto-Owners Ins. Co. v. Yates, 368 So.2d 634 (Fla. 2d DCA 1979), cert. denied, 378 So.2d 351 (Fla. 1979), therefore applies and, on this ground, summary judgment was correctly entered below that the insured remains liable to the carrier for premiums which the broker expropriated after receiving them from the insured but (obviously) before they were remitted to the company.
Affirmed.