JEFFERSON STANDARD LIFE INSURANCE CO. v. MARTHA S. LYONS (sometimes known as Martha Lyons, Mattie S. Lyons or Mattie Lyons), a widow.

165 So. 351.
Division B.
Opinion Filed January 7, 1936.
Rehearing Denied February 10, 1936.

*Mabry, Reaves, Carlton & White,* for Appellant;
*James A. Henderson* and *J. D. Gill,* for Appellee.

TERRELL, J.—January 6, 1933, A. D. Lyons applied to the Jefferson Standard Life Insurance Company for a policy of insurance in the sum of $1,000, payable to his wife, Martha Traylor Lyons, as beneficiary. The application was received by the Company January 9, and the policy was executed and mailed to its Jacksonville office January 10, 1933. The Jacksonville office in turn mailed it to the Company's soliciting agent at Mulberry, Florida, January 13, where it was received January 15, or 16. Lyons lived fifteen miles in the country and the soliciting agent held the policy until January 26, because he had other policies to deliver in the same community and elected to deliver all of them on the same trip. He went to Lyons' place on the last named date to deliver the policy but found that he (Lyons) had died earlier that day, so it was not delivered but was returned to the Company.

The beneficiary promptly tendered the amount of the first premium and requested delivery of the policy. This re-

quest being refused, she filed her bill of complaint seeking to enforce delivery of the policy and payment of its face value. Answer to the bill was filed, testimony was taken, and on final hearing the chancellor found the equities to be with the complainant and granted the relief prayed for. The instant appeal is from that decree.

In the main the material facts on which the final decree rests are not disputed. The controversy arises on the application of the law to the facts. The application for the policy provided that the Company should incur no liability under it "unless and until (a) it has been received and approved, (b) the policy issued and actually delivered, and (c) the premium has been actually paid to and accepted by the Company, or its authorized agent," all during the lifetime of the insured and while he is in good health.

A decision of the issue raised turns on the application of these provisions to the facts presented. It is admitted that the application was received and approved, that the policy was never delivered, and that the first premium was never paid, in view of which the Company contends that the policy cannot now be enforced.

As against the contention of the Company the beneficiary contends that "actual delivery" was to all intents and purposes as effectually accomplished when the application was approved and the policy executed and placed in the mail, as if manual delivery had been made. It is further contended that the condition relating to the payment of the first premium was avoided by alleging and proving that the soliciting agent made an agreement with Lyons when the application was signed, that he (the soliciting agent) would pay the first year's premium if he (Lyons) would return it within the year. New York Life Ins. Co. v. Rutherford, 284 Fed. 707; New York Life Ins. Co. v. Babcock, 104

Ga. 67, 30 S. E. 273, 69 A. S. R. 134; Thomson v. Michigan Mut. Life Ins. Co., 56 Ind. App. 502, 105 N. E. 780.

On the question of delivery, we do not think the Company is in position to complain. When the policy was sent to the soliciting agent of the Company he became the agent of both the insurer and the insured for the purpose of delivery and having held it for ten or eleven days before moving to do so we hold that delivery was in effect performed. The Company should not by its conduct defeat delivery and claim an advantage by doing so.

In this state of the record it follows that if the soliciting agent of the Company was authorized to make a contract with Lyons to deliver the policy and pay his first premium if he (Lyons) would repay him the amount of said premium within one year and that such a contract was in fact made, then the Company is bound by it.

The record discloses that the soliciting agent who took the application for the policy was authorized to solicit insurance, deliver the policies, and collect the premiums therefor. The policy in terms disavows any authority on the part of its agents to extend the time for paying premiums but Lyons was never advised of such a provision and was not bound by it. Even if he had been on notice of it and the Company had pursued a policy of permitting its agents to take notes or promises for premiums he would not be affected by it. The Company, however, after permitting such a course of conduct cannot avoid contracts so made and whether or not they were made was a question of fact for the chancellor to determine.

The soliciting agent admitted that he agreed to take Lyons' note for the first premium and deliver him the policy but denies agreeing to take his parol promise for it. So in its last analysis the sole point in controversy is whether the

agent agreed to take a note or a mere parol promise from Lyons to pay the first premium and deliver the policy.

This also was a question of fact for the chancellor and since there is evidence to support his finding, both as to the policy pursued by the Company and as to what promise Lyons made the agent, we do not· feel warranted in disturbing it. His judgment is accordingly affirmed.

In this disposition we are conscious that we are confronted with a close question and we are not unaware that a contrary view could be reached and strongly supported. We think, however, that this is a typical case for application of what might be termed the balance of equity rule. The delay in delivery of the policy and the conflicting evidence as to the approval by the Company of its agent's note and what it agreed to accept in return for the first year's premium constitute a course of conduct on the part of the company the result of which, like doubts arising in the interpretation of the provisions of insurance policies, should tip the scales in favor of the insured.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents.