207 So.2d 733 (1968)
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
Fred D. LATHAM and Edna D. Latham, His Wife, Appellees.
No. 67-484.
District Court of Appeal of Florida. Third District.
February 27, 1968.
Rehearing Denied March 26, 1968.
*734 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Joseph F. Jennings, Miami, for appellant.
Frank F. Cosgrove, Bernarr C. Cowan and Franklyn Levenson, Miami, for appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
This is an appeal by the defendant below, Prudential Life Insurance Company of America, from an adverse final decree in an action for declaratory judgment.
On April 11, 1966, Fred D. Latham entered an application with the defendant company for a policy of life insurance, naming his wife, Edna D. Latham, as beneficiary. At the same time, Latham gave the agent, Douglas A. Chilton, a check in the amount of $21.40 which corresponded to the premium payment due for the first month. In return, Chilton executed a "conditional receipt" and delivered it to Latham, assuring him that he would be insured as of that date. Subsequently, Latham submitted to a physical examination by a doctor of defendant's choice, and the medical report was filed with the company as a part of the application.
Prudential declined to accept the risk of insuring Latham at the stated premium rate. Instead, on May 13, 1966, it issued a policy at a higher premium rate and sent it to Chilton, together with a form for Latham's signature authorizing the company to amend the application to conform to the higher premium rate. In response to questions from the Lathams as to the reason for the increase in premiums, Chilton stated that he would contact the company and attempt to obtain a rate reduction. The company refused to grant such reduction, and Chilton so informed the Lathams, at which time he was informed by Mrs. Latham that the policy would be acceptable despite the increased premium rate. Chilton reminded Mrs. Latham that the balance of the increased premium was then due as of April 11, 1966, the date of the application and payment of the first premium, and he promised to deliver the policy to the Latham residence. However, Latham never obtained physical possession of the policy, and in fact, sometime later, Chilton attempted to return the $21.40 initial partial premium, which tender of payment the Lathams refused. On June 17, 1966, Latham was admitted to the hospital, and approximately one week later a diagnosis of terminal cancer was rendered.
The Lathams then filed suit against Prudential, seeking a declaratory decree to the effect that the policy of insurance was in full force and effect. While the action was still pending, Fred D. Latham died, and Mrs. Latham continued as plaintiff. The lower court entered its decree in favor of Mrs. Latham, specifically finding as fact:
"5. That said policy was delivered by Defendant between May 8 and May 13, 1966, to Douglas A. Chilton, agent of Defendant and agent for Plaintiff, Fred D. Latham (Jefferson Standard Life Insurance Co. vs. Lyons, [122 Fla. 346] 165 So. 351); that Fred D. Latham accepted said policy on or between May 10, 1966 and May 24, 1966;"
Appellant challenges the correctness of the decree on the ground, among others, *735 that the delivery was conditional and, as such, was not effective as delivery to the insured.
We think it significant that the chancellor found specifically that Fred D. Latham accepted the policy in May of 1966. This finding comes to this court carrying a presumption of correctness, and the burden falls upon the party seeking reversal to clearly demonstrate error. Stanley v. Stanley, Fla.App. 1967, 201 So.2d 613; Schiffman v. Schiffman, Fla.App. 1967, 200 So.2d 646; Southern National Bank of Fort Walton Beach v. Young, Fla.App. 1962, 142 So.2d 788. The finding is entitled to the weight of a jury verdict. It will not be disturbed where supported by substantial competent evidence, Stanley v. Stanley, supra; Ainsley Realty Co. v. Kramer, Fla.App. 1967, 198 So.2d 640; Alvarez v. Dumont, Fla.App. 1965, 178 So.2d 352. The record on appeal contains such evidence as will support the finding in this case. And we are in accord with the chancellor's ruling that delivery of the policy to the agent constitutes delivery to the insured. Jefferson Standard Life Ins. Co. v. Lyons, 122 Fla. 346, 165 So. 351 (1936). The facts of issuance of the policy by the company, delivery to the agent, and acceptance by the insured combine to establish the existence of a valid contract of insurance.
We find no merit in appellant's contention that acceptance could be effected only by execution of the amendment authorization form. That form, when signed, merely authorizes the company to change the application filed by Latham to conform to the terms of the policy actually issued. It was a purely ministerial task, in no way related to the substance of the contract or necessary to its formation. Nor can we agree with appellant that delivery to the agent was conditional. The company had accepted the risk and issued the policy, which policy the insured had accepted and paid for. The applicant has failed to show what unfulfilled condition existed.
We are not unmindful of the fact that there is substantial authority for the proposition that the "conditional receipt" is a valid binder, securing coverage from the date of application and corresponding prepayment of premium. See Wright v. Pilot Life Ins. Co., 379 F.2d 409 (4th Cir.1967); Prudential Insurance Company of America v. Lamme, Nev. 1967, 425 P.2d 346; Allen v. Metropolitan Life Insurance Co., 44 N.J. 294, 208 A.2d 638 (1965); 1 Couch on Insurance 2d §§ 14:26-14:46 (1959); 63 Yale L.J. 523. However, the chancellor did not pass upon the issue of the effect of the "conditional receipt", and in view of his other rulings, we agree that a determination of that issue was not necessary to a final disposition of the case.
For the above expressed reasons, the decision of the lower court is affirmed.
Affirmed.