HENDRY, Judge.
The defendants below appealed from a final decree rendered by the Circuit Court of Dade County.
In March of 1959, the various plaintiffs executed contracts for deed with the corporate defendant, Bird Road Commercial Sites, Inc., to purchase lots designated on a tentative plat attached to the contracts. Some of those lots subsequently became owned by the corporation by way of transfer from the defendant, Shirley Whitcup Feinstein and her husband at that time, Harry Whitcup. However, other particular lots were not transferred by the Whitcups, but rather were retained by them in their capacities as joint owners. After Harry Whitcup died, Shirley Whitcup subsequently became the individual fee simple owner *659 of those lots, and has continued to so hold the property until this action was commenced in March of 1967. The contract for deed included provisions which obligated each of its parties to perform certain promises. The corporate seller, one of the appellants here, promised to make certain improvements, most notably, the platting of the property and the construction of roadways. The buyers agreed to the terms of the installment sale, and also to pay all taxes, assessments, or impositions levied upon the property. An additional provision gave the seller an option to cause a forfeiture and termination of the buyers’ interests, in the event that the buyer defaulted in either payment on the contract or payment of the taxes.
This action was commenced in March, 1967. The numerous plaintiffs filed their complaint and alleged the following:
1. That each of them still owed the corporation money due on their respective contract for deed;
2. “That the defendant Shirley Whitcup Feinstein had not conveyed to the corporation all of the lots shown on the tentative plat which accompanied each contract of deed;
3. That the defendants had not made the promised improvements;
4. That the defendants had allowed the property to be encumbered by state and federal tax liens, and had deliberately withheld necessary information in this regard from the plaintiffs, thereby causing them to be unable to pay the liens and consequently to be in default on the covenant to pay tax assessments under the contract;
5. That the corporation, through its directors’ actions, had allowed its state corporate taxes to become delinquent, which resulted in the dissolution of the corporation in June, 1965 by order of the Governor of Florida;
6. That the plaintiffs believed the corporate assets were being depleted so as to make it impossible for the corporation to perform its obligation to complete the agreed improvements. After setting forth these allegations, the plaintiffs prayed for relief in several forms.
First, it was requested that the court enjoin the corporation and its officers from disposing of any of the property which it held. Next, plaintiffs demanded an accounting for all sums they had paid to the defendant pursuant to their respective sales contracts. Then, the appointment of a receiver was prayed for in order to take charge of and preserve the properties as well as the monies and other assets of the defendant corporation. Finally, specific relief was prayed for wherein Shirley Whitcup Feinstein and her husband, defendant Edward M. Feinstein, be required to convey to the corporation such property as they owned which was included in the original tentative plan.
The final decree set forth the court’s finding of facts, essentially those recited above in this opinion, and pursuant thereto did grant each of the above remedies prayed for.[1]
*660 The appellant herein has questioned the propriety of that decree. First, as to the correctness of the chancellor’s appointment of receiver to handle the affairs of the corporations, we find no error. It is contended that the appointment of a receiver is a drastic measure of relief, and is only justified as a final recourse of a court of equity. Generally, the showing of mismanagement or insolvency must be demonstrated by those seeking the appointment of the receiver. McAllister Hotel v. Schatzberg, Fla. 1949, 40 So.2d 201; Conlee Construction Company v. Krause, Fla.App. 1966, 192 So.2d 330. However, this rule must be coupled with the premise that the findings of a court of equity come to an appellate court clothed with the presumption of correctness that requires a clear showing of abuse to be overturned. Prudential Insurance Co. of America v. Latham, Fla.App.1968, 207 So.2d 733. We think this latter rule is particularly well-suited to this case. The chancellor was faced with a maze of conflicting financial reports and interpretations thereof, plus the usual discrepancy of allegations between the parties. His determination of a proper remedy emanated from his closeness to the case, and we do not find that the record or appellants’ contentions have demonstrated such error as to justify our overturning the chancellor’s findings.
Next, the appellants have questioned the validity of that part of the final decree which requires them to plat the property and construct the improvements called for in the contract. Once again, we hold that this finding cannot be overturned in light of appellant’s contentions. After careful review of the record and the multiple contracts involved here, we agree with the chancellor’s construction of the time for performance of appellants’ contractural obligations. The court found good reason to rule that the provisions regulating time for payment and those provisions governing appellant’s obligation to perform the required acts were independent of one another.
Finally, there remains the question of the correctness of the chancellor’s order which enjoined the defendant, Shirley Whitcup Feinstein, from transferring or encumbering the property which she continues to hold in her individual capacity. We think that to so enjoin this defendant is to deprive her of property rights without due process of law. No evidence was introduced at trial, nor is there any shown on appeal, which establishes privity between Shirley Whitcup Feinstein and any of the defendants at the time of the contract with regard to this property; moreover, no consideration was exchanged between these parties so as to bind this defendant with *661 regard to her interest in the property. Without any legal basis to bind her in her individual capacity, Shirley Whitcup Fein-stein cannot be legally obligated as to be enjoined by the chancellor in her exercise or control over the property. See South Dade Farms v. B & L Farms Company, Fla.1952, 62 So.2d 350.
For the reasons given above, the decree appealed from is, therefore, affirmed in part and reversed in part.

. “2. That the Defendant, BIRD ROAD COMMERCIAL SITES, INC., is hereby enjoined and restrained from effecting any default in the agreements for deed of the various Plaintiffs herein by reason of failure to pay any past due taxes.
“3. That the Plaintiffs herein are hereby ordered to pay their pro-rata share of any past due taxes into the registry of this Court or to the receiver appointed by this Court when same have been computed, and they have been notified of such respective shares.
“4. That the agreements for deed, copies of which were attached to the Complaint and which were heretofore introduced in evidence in this cause, are hereby construed to require that the subject property be platted in accordance with the tentative plat also introduced in evidence, the plat is to be recorded with such adjustments being made so that same shall conform to the proper governmental requirements and that all improvements required by proper governmental authority in order to finally plat and re *660 cord said plat, as well as those set forth in the agreements for deed, shall be constructed thereon.
“5. That SHIRLEY WHITCUP EEINSTEIN and EDWARD FEIN-STEIN, her husband, are hereby enjoined from transferring or encumbering any of tlie property owned by her in her individual name, which property is part of the tentative plat of BIRD ROAD COMMERCIAL SITES, INC.
“6. That the Defendant, BIRD ROAD COMMERCIAL SITES, INC., and its officers and agents, are hereby enjoined from transferring and encumbering any of its assets until further order of this Court.
“7. That Morton R. Goudiss, Esq., 420 Lincoln Road, Miami Beach, Fla. be and he is hereby appointed as Receiver, of all the goods, chattels, real property, money and effects of the Defendant, BIRD ROAD COMMERCIAL SITES, INC., and the said Receiver is hereby directed and ordered to forthwith take possession of and take into his care, custody and control all of the books, records, papers and documents of the said corporation, and take into his care, custody, possession and control, all real and personal property which may be owned by the Defendant, BIRD ROAD COMMERCIAL SITES, INC., and to collect any monies which may be forthcoming to the Defendant, BIRD ROAD COMMERCIAL SITES, INC., by virtue of any payments under mortgages, notes or Agreements for Deed, or otherwise, and to hold all of said property and effects subject to this Order.”
* * * * *