394 So.2d 1061 (1981)
AMI INSURANCE AGENCY, Appellant,
v.
Lydia Lamothe ELIE and Industrial Fire & Casualty Insurance Company, Appellees.
Nos. 79-961, 79-1176 and 79-1747.
District Court of Appeal of Florida, Third District.
March 3, 1981.
Adams & Ward and Robert C. Ward and James W. Kaufman, Miami, for appellant.
*1062 Broad & Cassel and Patricia L. Lebow, Bay Harbor, for appellees.
Before HUBBART, C.J., and NESBITT, J., and MELVIN, WOODROW M. Sr. (Ret.), Associate Judge.
MELVIN, WOODROW M. Sr. (Ret.), Associate Judge.
The parties will be referred to in the capacity in which they appeared in the trial court.
AMI Insurance Agency, hereinafter referred to as AMI, appeals from certain final orders determining that Industrial Fire and Casualty Company, hereinafter referred to as Industrial, was entitled to indemnification from AMI. We hold that Industrial was not entitled to indemnification because AMI, an insurance broker, was not the agent of Industrial.
The facts reflect that Industrial denied coverage under a policy it had issued to plaintiff Lydia Lamothe Elie, hereinafter referred to as Elie, on the basis that Elie, in her insurance application, had made misrepresentations of material fact in regards to the non-covered commercial use of the insured vehicle. Industrial, via a third party complaint, sought indemnification from AMI, the procuring broker.
Pursuant to a non-jury trial, the lower court entered a final judgment in favor of plaintiff, thus finding that there was coverage under the policy. That judgment has not been challenged by appeal. The court then ruled in favor of Industrial on its third party claim for indemnification. AMI appealed from those final judgments which determined that Industrial was entitled to indemnification both for benefits it had paid to Elie, as well as for attorney's fees.
We hold that the existence of an agency relationship between AMI and Industrial is a prerequisite to the imposition of the indemnification here complained of. Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought.[1] This statement of the law, however, does not apply to contract indemnity. City of Jacksonville v. Franco, 361 So.2d 209 (Fla.App. 1978); Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977); Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). It is clear that an insurance agent who binds a contract of insurance, when he is not so authorized, becomes liable to indemnify the company for losses arising from that contract. Crawford v. DiMicco, 216 So.2d 769 (Fla. 4th DCA 1968).
Under the general rule, which is here applicable, an insurance broker is the agent of the insured in matters connected with the procurement of insurance. Peddy v. Pacific Employers Insurance Company, 246 F.2d 306 (5th Cir.1956); 3 Couch on Insurance 2d §§ 25.93, 25.94 (1960). An insurance broker is ordinarily employed by the person seeking insurance, and, when so employed, is to be distinguished from the ordinary insurance agent, who is employed by insurance companies to solicit and write insurance.[2]American Casualty Co. of Reading, Pa. v. Ricas, 179 Md. 627, 22 A.2d 484 (1941); Allstate Insurance Co. v. Smoak, 256 S.C. 382, 182 S.E.2d 749 (1971). The fact that the insurer furnished the broker an application blank which was given to the person requesting insurance coverage does not make the broker an agent of the insurer issuing the policy. Id. at 754.
We thus find that AMI was not the agent of Industrial, but was the agent of Elie. Therefore, because there is no principal-agent relationship between AMI and Industrial, the lower court erred in ruling that Industrial was entitled to indemnification from AMI. The cause is thus reversed and remanded to the lower court as to each *1063 judgment for indemnity, attorney fees, and costs, with direction to dismiss the third party complaint for any indemnification.
Reversed.
NOTES
[1] Industrial has not appealed from the final judgment upholding insurance coverage and implicitly rejecting Industrial's claim of misrepresentation by Elie.
[2] At the non-jury trial it was revealed that Public Insurance Agency was the general agent of Industrial.