DOWNEY, Judge.
At the conclusion of a construction project appellee, G. E. Drywall, Inc., sued appellant, Edward L. Nezelek, Inc., the general contractor, to recover for extras which appellee had furnished as a subcontractor. From a judgment for $47,197.29, plus attorney’s fees of $10,000, and costs of $332.47, in favor of Drywall, Nezelek has perfected this appeal.
Four points have been posed by Nezelek for our consideration. We find merit, however, in only one point, concerning the allowance of attorney’s fees. The fee allowed was not determined by the jury which tried the case but by the court after the jury verdict had been rendered. Nezelek contends there was no contract entitling Drywall to attorney’s fees and, in any event, the amount of attorney’s fees was a jury question. We agree with both of those contentions.
The contract between Nezelek and Drywall, in pertinent part, provided:
“Any damage, cost, loss or expense, including counsel fees, suffered or incurred by the contractor [NEZELEK] by reason of or in consequence of the subcontractor’s failure to perform this contract shall be fully chargeable and shall be paid by the subcontractor.”
Obviously, this provision cannot be said to allow Drywall to recover fees in this case. At oral argument counsel for Drywall argued that it was only fair to have the contractual provision work both ways. While conceding the essential fairness of the argument, we must deal with the contract which the parties fashioned for themselves.
Although the allowance of attorney’s fees in a case of this nature would ordinarily require a jury determination, along with the claimant’s other damages (absent a stipulation otherwise), we need not treat that issue since Drywall cannot recover attorney’s fees in this case in any event.
*1221 Accordingly, the provision in the judgment allowing Drywall attorney’s fees is reversed and the cause is remanded to the trial court with directions to vacate the attorney’s fees. In all other respects the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
GLICKSTEIN and DELL, JJ., concur.