535 So.2d 339 (1988)
JAMES REGISTER CONSTRUCTION COMPANY, a Florida Corp., Appellant,
v.
BOBBY HANCOCK ACOUSTICS, INC., a Florida Corp., Appellee.
No. 87-1887.
District Court of Appeal of Florida, First District.
December 15, 1988.
J. Marshall Conrad, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellant.
Mark S. Levine, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order awarding appellee damages and a reasonable attorney's fee in a breach of contract action. Appellant, a general contractor, contends the trial court erred in awarding the appellee subcontractor attorney's fees when the contract upon which the action was brought expressly provides that attorney's fees incurred in the enforcement of the contract are recoverable only by the general contractor. We find the fee award was improper under the terms of the contract, and therefore reverse.
The parties entered into an agreement by which appellee was to provide labor and materials in the construction of a nursing home. Following completion of construction appellee filed a complaint against appellant, alleging that it was due payment for labor and materials furnished pursuant to the construction contract. Appellee also sought attorney's fees incurred by it in bringing the action. Appellant answered, *340 denying that appellee was entitled to the full amount alleged or to an award of attorney's fees.
At trial, a written subcontract between the parties was presented in evidence. The subcontract was not signed by either party. Testimony indicated that appellee had refused to sign the contract because of disagreement with certain provisions. The court, upon review of correspondence between the parties, determined that in the course of construction both had acted as if they were operating under contract, and concluded that the terms of the contract would apply. In an amended final judgment, the trial court awarded appellee a portion of the general damages sought and a reasonable attorney's fee. Appellant filed a motion for rehearing, arguing that the fee award was contrary to law and the evidence in that the contract provided that only the general contractor was entitled to recover attorney's fees in the enforcement of the contract. The trial court denied the motion for rehearing.
The contract provision regarding attorney's fees stated:
This subcontractor agrees to pay all legal costs, including but not limited to reasonable attorney's fees, incurred in the enforcement of this subcontract.
Record evidence supports the trial court's finding that the parties acted as if the provisions of the contract were in force. "Except where a signed contract is required by statute, or where the parties intend that the contract shall not be binding until it is signed, parties may become bound by contract even though they do not sign it." 11 Fla.Jur.2d Contracts, sec. 79 (1979). Attorney's fees are not recoverable as damages in the absence of contractual or statutory liability. All-Dixie Insurance Agency, Inc. v. W.J. Moffatt, 212 So.2d 347 (Fla. 3d DCA 1968). No statutory authority applies to this case, and the contractual clause providing for attorney's fees is to be strictly construed. Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983). While the contract provision does lack mutuality, we find no ground for avoiding the terms of the contract which the parties fashioned for themselves. See Edward L. Nezelek, Inc. v. G.E. Drywall, Inc., 406 So.2d 1220 (Fla. 4th DCA 1981). The fee award to appellee was therefore improper under the terms of the contract.
The provision of the order for such fees is reversed.
ERVIN and ZEHMER, JJ., concur.