PER CURIAM.
Florida East Coast Properties, Inc. (“FECP”) appeals a summary final judgment in favor of Tifco, Inc. on Tifco’s claim for unpaid installments under an insurance premium financing agreement. We affirm.
FECP obtained insurance for various of its properties through a broker. The broker quoted a premium of $1.1 million for one year’s coverage. The broker also arranged premium financing through Tifco. Under this arrangement, FECP advanced one-fourth of the premium as a down payment, and Tifco financed the remainder, *751 with monthly installments to be paid to Tifco by FECP in the first nine months under the policy. The policy served as security for the loan; in the event FECP defaulted on an installment, Tifco could by power of attorney cancel the policy and obtain a refund of the unearned premium. Tifco had done business with the broker in the past, and the broker maintained a supply of Tifco’s forms in his office.
After the transaction closed, Tifco disbursed the loan proceeds to the broker, who forwarded the premium amounts to the insurers. Unbeknownst to FECP and Tifco, the broker had actually procured a policy for seven months, not one year. When this discrepancy came to light, and a preliminary negotiation between FECP and the broker for an adjustment proved unsuccessful, FECP withheld the last three installments due Tifco.
The principal question raised is whether the broker was Tifco’s agent, so that the broker’s alleged wrongdoing would be imputed to Tifco and serve as a defense to Tifco’s claim for payment. It is undisputed that the broker served as FECP’s agent for the purpose of procuring the insurance policies. It is true, as FECP contends, that in some circumstances a broker has been found to serve in a dual agency capacity. Jefferson Standard Life Ins. Co. v. Lyons, 122 Fla. 346, 349, 165 So. 351, 353 (1936); see National Premium Budget Plan Corp. v. LaSalle Casualty Co., 81 Ill.App.2d 466, 225 N.E.2d 400, 402-04 (1967) (agent of insurance company for delivery of policy was the designated agent for the premium finance company in the separate and distinct premium financing transaction). In the present case, however, the record does not contain evidence which would raise a triable issue as to whether the broker was Tifco’s agent. Possession of blank forms and past or present transaction of business are not enough to make the broker Tifco’s agent for purposes of the premium financing agreement. See AMI Insurance Agency v. Elie, 394 So.2d 1061, 1062 (Fla. 3d DCA 1981).
Since the broker acted as FECP’s agent, Tifco’s disbursement of the loan proceeds to the broker constituted disbursement to FECP. FECP is obliged to repay. In the absence of an agency relationship, the alleged wrongdoing of the broker cannot be imputed to Tifco, nor can the dispute over the policy term serve as a defense to what is in essence a dispute between lender and borrower.
With regard to the documentary stamp issue, we conclude that the contract on which the suit is predicated is that dated December 3, 1986, the enforcement of which is not barred by section 201.08, Florida Statutes (1987).
Affirmed.