641 So.2d 184 (1994)
SECURITY MANAGEMENT CORP., Appellant,
v.
HARTFORD FIRE INSURANCE Company, etc., Appellee.
No. 93-2107.
District Court of Appeal of Florida, Third District.
August 17, 1994.
*185 Weil, Lucio, Mandler, Croland & Steele and Lawrence D. Goodman and John C. Hanson, II, Miami, for appellant.
Haley, Sinagra & Perez and James T. Haley, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Security Management Corp. (Security) appeals from an order of final judgment in favor of Hartford Fire Insurance Company (Hartford). We affirm in part, reverse in part, and remand with directions.
Security entered into a builders' risk insurance contract with Hartford for the period of July 1, 1985, to July 1, 1986. As to the premium for the policy, Security and Hartford agreed to a retrospective premium formula. This formula provided that Security would be charged a minimum of a $50,000 premium and a maximum of a $150,000 premium for the year of insurance coverage. Essentially, if the value of the covered properties increased or losses were paid, the premium could be adjusted up to the $150,000 maximum. Security paid the $50,000 minimum premium at the inception of the insurance policy.
In December of 1985, a fire occurred on the insured property. Security made a claim on Hartford for the policy limits. By draft dated June 6, 1986, Hartford paid the claim notwithstanding the fact that it had cancelled the insurance coverage on February 4, 1986.
Hartford subsequently adjusted the premium upwards to $150,000 based upon the retrospective premium formula. After crediting Security with the $50,000 it had already paid, Hartford rendered a statement to Security in the amount of $100,000. Security refused payment alleging it had never agreed to the retrospective premium formula. Hartford then sued Security based on open account, account stated, and services rendered. The trial court entered final judgment in favor of Hartford and found that Security was liable in the amount of $100,000 plus interest.
The trial court properly found that Hartford was entitled to increase the insurance policy premium pursuant to the retrospective rating formula. Despite Security's argument to the contrary, its conduct demonstrates that it accepted the terms and conditions of the retrospective rating formula. See James Register Constr. Co. v. Bobby Hancock Acoustics, Inc., 535 So.2d 339 (Fla. 1st DCA 1988) (mutuality of assent may be *186 shown through acts or conduct of the parties); Gateway Cable T.V., Inc. v. Vikoa Constr. Corp., 253 So.2d 461 (Fla. 1st DCA 1971) (same).
Security never transmitted any objection to Hartford with respect to the retrospective rating formula. It provided monthly valuation reports to Hartford as required by the insurance policy, made a claim under the policy, and accepted payment of the claim. These facts all demonstrate that Security assented to the entire insurance policy, including the retrospective rating formula endorsement.[1] As Security is legally bound by the retrospective premium endorsement, Hartford is entitled to any increase in premium contemplated by the parties' agreement.
Nevertheless, the trial court erred in not taking into account the fact that Hartford cancelled the yearlong policy after only seven months. "As a general rule, an insurer ... upon cancelling a policy must return advance premiums which have been paid and are unearned." George J. Couch et al., Couch on Insurance 2d 34:29 at 884-86 (1985).[2]See also Graves v. Iowa Mut. Ins. Co., 132 So.2d 393 (Fla. 1961); Bradley v. Associates Discount Corp., 58 So.2d 857 (Fla. 1952); Aetna Casualty & Sur. Co. v. Simpson, 128 So.2d 420 (Fla. 1st DCA 1961).[3]
No provision in the Hartford insurance policy addresses the issue of the return of unearned premiums. However, this was a one-year insurance contract and the additional $100,000 Hartford demanded was supposed to have represented a full year's premium. Accordingly, we reverse the amount of damages awarded. On remand, Security may litigate the issue of its entitlement to a proration for the last five months of the insurance contract.
Affirmed in part; reversed in part; remanded with directions.
NOTES
[1] Even assuming that Security's conduct did not demonstrate assent to the entire insurance policy, it would still be bound by the terms of the retrospective rating formula. "[A]n insurance broker is the agent of the insured in matters connected with the procurement of insurance." AMI Ins. Agency v. Elie, 394 So.2d 1061, 1062 (Fla. 3d DCA 1981); Liberty Mut. Ins. Co. v. Scalise, 627 So.2d 87, 91 (Fla. 1st DCA 1993). The retrospective rating formula was included in the insurance binder which was prepared and executed by B.R.I. Coverage Corporation, Security's insurance broker and agent. "[B]ecause the broker was the agent of the insured, the insured was bound by the agent's actions." Empire Fire & Marine Ins. Co. v. Koven, 402 So.2d 1352, 1353 (Fla. 4th DCA 1981).
[2] See also 30 Fla.Jur.2d Insurance 457 (1981) ("Contracts of insurance on property ... generally provide for ... the return of the unearned portion of the premium paid by the insured."); 45 C.J.S. Insurance 500 (1993) ("Ordinarily, ... the return or tender of the unearned premium to the insured is a condition precedent to cancellation of the policy... .").
[3] Though no similar provision exists for builders' risk insurance, as to health insurance policies section 627.626, Florida Statutes (1985) provides: "In the event of cancellation, the insurer will return promptly the unearned portion of any premium paid." See also 627.848, Florida Statutes (1985) (insurer who cancels an insurance contract which contains a premium finance agreement shall promptly refund any remaining unearned premium for the benefit of the insured).