827 So.2d 338 (2002)
INTEGRATED HEALTH SERVICES OF GREEN BRIAR, INC., Appellant,
v.
Ernesto LOPEZ-SILVERO and Sandra Lopez-Silvero, his wife, Appellees.
No. 3D02-1337.
District Court of Appeal of Florida, Third District.
September 30, 2002.
Hardeman & Suarez, and Richard A. Warren, Miami, for appellant.
Freidin & Brown, and Robert D. Brown, for appellees.
Before SCHWARTZ, C.J., and GERSTEN and SORONDO, JJ.
PER CURIAM.
Appellant Integrated Health Services of Greenbriar, Inc., ("IHS"), appeals a nonfinal order denying its motion to compel arbitration. We reverse.
Appellee, Ernesto-Lopez Silvero ("resident"), signed an admission contract for the provision of nursing care in a nursing home owned by IHS. The admission contract provided for arbitration in the event of any disputes or claims. Since there was no place provided on the contract for the nursing home's signature, the admission contract was not signed by IHS. However, both IHS and the resident signed five other documents that same day, both agreeing to the provision of nursing home services.
The resident stayed at the home for over two months. One month after the resident left the nursing home, he and his wife filed suit against IHS, alleging that IHS did not properly care for the resident when he stayed at the nursing home.
IHS moved to dismiss the complaint or, alternatively, to compel arbitration and stay the complaint, based on the arbitration *339 clause of the admission contract. After a non-evidentiary hearing, the trial court denied IHS's motion to compel arbitration.
A contract is binding, despite the fact that one party did not sign the contract, where both parties have performed under the contract. See Gateway Cable T.V., Inc. v. Vikoa Contruction Corp., 253 So.2d 461 (Fla. 1st DCA 1971). As noted in Gateway Cable T.V., Inc. v. Vikoa Contruction Corp., 253 So.2d at 463, "A contract may be binding on a party despite the absence of a party's signature. The object of a signature is to show mutuality or assent, but these facts may be shown in other ways, for example, by the acts or conduct of the parties." See also Sosa v. Shearform Mfg., 784 So.2d 609 (Fla. 5th DCA 2001) (parties may be bound to the provisions of an unsigned contract if they acted as though the provisions of the contract were in force.)
Here, both the resident and IHS acted as if they had a valid contract. IHS performed under the contract by admitting the resident and providing him with nursing home care for over two months. Moreover, IHS signed five other documents relating to the resident's admission, which were incorporated by reference in the admission contract. Clearly IHS assented to the terms of the admission contract, including its arbitration clause.
Accordingly, we reverse the order below and remand with instructions to the trial court to grant the motion for arbitration. See Sosa v. Shearform Mfg., 784 So.2d at 609; Security Management Corp. v. Hartford Fire Ins. Co., 641 So.2d 184 (Fla. 3d DCA 1994); James Register Constr. Co. v. Bobby Hancock Acoustics, Inc., 535 So.2d 339 (Fla. 1st DCA 1988).
Reversed and remanded with instructions.