THOMAS, J.
 

 In this consolidated case, we address whether a trial court abuses its discretion under the “Insurers Rehabilitation & Liquidation Act” (“IRLA”) when it limits an insured claimant’s recovery to policy limits, where the claimant has obtained a final judgment in excess of policy limits after liquidation proceedings under the Act are voluntarily initiated by the insurer.
 

 Based on our consideration of the statutory scheme of the Act, we hold that the trial court did not abuse its discretion in limiting Appellants’ recovery to policy limits. Accordingly, we affirm the trial court’s decision for the reasons discussed in this opinion.
 

 Facts
 

 In January 2000, Appellee petitioned for a consent order to be appointed receiver for Caduceus Self Insurance Fund, a self-insurance group comprised of doctors who contribute to provide liability coverage for its members. Caduceus voluntarily sought liquidation and rehabilitation. The trial court granted Appellee’s petition and, as a result, all active insurance policies of Caduceus were cancelled in Februaiy 2000.
 

 Earlier, in 1998, Appellants Alfred and Susan Bender and Appellant Zelda Williams (collectively “Appellants”) initiated separate medical negligence suits against Michael W. Meriwether, M.D., and Michael W. Meriwether, M.D., P.A. Dr. Meriwether was a member of Caduceus’ self-insurance fund. Both lawsuits were filed after failed settlement negotiations and before the initiation of Caduceus’ receivership proceedings. Ultimately, Appellants obtained final judgments against Dr. Meriwether pursuant to stipulated agreements. Appellant Benders’ $2 million final judgment was entered in 2002, while Appellant Williams’ $2 million final judgment was entered in 2006.
 

 In April 2007, Appellee filed a motion for approval of its claims recommendations. Under Appellee’s recommendations, Appellants’ recovery against Caduceus was limited to Dr. Meriwether’s $250,000 policy limit. Appellants filed separate objections to Appellee’s motion based on their $2 million final judgments against Dr. Meriwether. In their objections, Appellants alleged that Caduceus acted in bad faith by failing to either settle their claims against Dr. Meriwether or provide a defense for the doctor.
 

 In September 2007, Appellee moved for an order approving its recommendations on claims. After a brief hearing on Appellants’ claims objections, the trial court issued orders denying their objections.
 

 The trial court rejected Appellants’ bad faith claims against Caduceus, noting that Caduceus did not have sufficient funds at the time Appellants were trying to settle their malpractice claims. Further, the trial court considered the timing of Appellants’ final judgments, which were not entered until years after Caduceus was placed in liquidation. The court further ruled that Caduceus was not acting in bad faith by voluntarily seeking liquidation under the Act.
 

 Appellee then filed a motion for approval of the final claims report, the claims distribution report, the distribution accounting, and for an order authorizing distribution. Appellee also sought to reserve $4 million until Appellants’ claims were resolved on appeal. The trial court issued an order approving the motion, authorizing
 
 *772
 
 the distribution, and reserving the disputed funds “until such time as the two claims are finally resolved.”
 

 Appellants now bring this timely appeal of the order authorizing distribution. They assert that the trial court reversibly erred in disallowing the portion of their claims which exceeds Caduceus’ policy limits. In the alternative, they assert that the trial court should have awarded them monies beyond $250,000 to cover litigation costs, interest, and liens.
 

 Analysis
 

 Delinquency proceedings under chapter 631 are actions in equity. § 631.021(1), Fla. Stat. (2000). Accordingly, we review the trial court’s ruling on Appellants’ objections under the abuse of discretion standard.
 
 See, e.g., Bird Rd. Commercial Sites, Inc. v. Feldstein,
 
 214 So.2d 658, 660 (Fla. 3d DCA 1968) (“[T]he findings of a court of equity come to an appellate court clothed with the presumption of correctness that requires a clear showing of abuse to be overturned.” (citing
 
 Prudential Ins. Co. of America v. Latham,
 
 207 So.2d 733 (Fla. 3d DCA 1968))). We reject Appellants’ argument that the standard of review is
 
 de novo.
 
 Here, we do not address a pure question of law subject to the
 
 de novo
 
 standard of review.
 
 See D'Angelo v. Fitzmaurice,
 
 863 So.2d 311, 314 (Fla.2003) (citing
 
 Armstrong v. Harris,
 
 773 So.2d 7 (Fla.2000)). Rather, we address the trial court’s exercise of discretion under the Act.
 

 In applying the abuse of discretion standard, we evaluate whether the trial court’s decision is “arbitrary, fanciful, or unreasonable.... If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.”
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980) (quoting
 
 Delno v. Market St. Ry. Co.,
 
 124 F.2d 965, 967 (9th Cir.1942)).
 

 On appeal, Appellants argue that they should have recovered the entirety of their $2 million final judgments because Caduceus acted in bad faith before the start of proceedings under the Act.
 
 [1]
 
 In contrast, Appellee asserts that the Act prohibits claims in excess of policy limits when neither an excess judgment nor a determination of bad faith is obtained before a company’s liquidation under the Act. In essence, we reject both arguments.
 

 The relevant provisions of the Act are as follows:
 

 (1) As soon as it has evaluated claims filed in the delinquency proceeding, the receiver shall report the claims to the circuit court, specifying in the report its recommendations with respect to the actions to be taken thereon. Upon receipt of the report, the court shall enter an order approving the claims so reported, unless an objection is filed thereto .... The receiver shall resolve objections to the satisfaction of the claimant or schedule a hearing before the court on objections filed to its report....
 

 (2) At the hearing, any interested person is entitled to appear. The hearing shall not be de novo but shall be limited to the record as described in s. 631.181(2). The court shall enter an order allowing, allowing in part, or disal
 
 *773
 
 lowing the claim. Any such order is deemed to be an appealable order.
 

 § 631.182, Fla. Stat. (2000).
 

 Section 631.181(2), Florida Statutes, provides that when considering a claim,
 

 [n]o judgment or order against an insured or the insurer entered after the date of filing of a successful petition for liquidation, and no judgment or order against an insured or the insurer entered at any time by default or by collusion, need be considered as evidence of liability or of the quantum of damages. No judgment or order against an insured or the insurer entered within 4 months before the filing of the petition need be considered as evidence of liability or of the quantum of damages.
 

 § 631.181(2)(d), Fla. Stat. (2000).
 

 Section 631.192, Florida Statutes, addresses the allowance of certain claims:
 

 (1) No claim ... may be allowed or paid from the assets of an insurer in process of liquidation unless the event causing the loss to, or creating the liability of, the obligee of the contract occurred pri- or to the order of liquidation....
 

 (2)(a) Claims not covered by the provisions of subsection (1) may not be allowed or paid from the assets of an insurer in the process of liquidation unless:
 

 1. The event, whether an act or omission, occurred prior to the date of the order of liquidation;
 

 2. The goods were delivered or services were rendered prior to the order of liquidation; or
 

 3. The duty to perform under a contract matured prior to the order of liquidation.
 

 (3) A claim of a third party shall not be deemed contingent, but shall be fairly evaluated even though liability has not been established by the date set forth in subsection (1), if:
 

 (a) It may be reasonably inferred from the proof presented upon such claim that such person would be able to obtain a judgment upon such cause of action against such insured; and
 

 (4)The total liability of such insurer to all claimants arising out of the same act of its insured may be no greater than its maximum liability would be if it were not in liquidation.
 

 § 631.192, Fla. Stat. (2000).
 

 Read together, these statutory provisions establish the roles of receiver and court in valuing and approving claims filed against an insolvent insurer. The language of the chapter repeatedly emphasizes the trial court’s discretion in the claims objection process. In the present case, although Appellants can point to various provisions in support of their argument that the Act does not expressly bar recovery in excess of policy limits, they point to no provision which mandates their recovery of the full final judgment amounts.
 

 We also reject Appellee’s argument, however, that the Act required Appellants to obtain an excess judgment or a finding of bad faith before Caduceus voluntarily sought liquidation. No provision of the Act bars a trial court from granting a claim in excess of the policy limits. By comparison, payment of excess judgment claims is expressly prohibited in the Florida Insurance Guaranty Payment Act, a similar statute regulating insurance. § 631.57(1)(a)4., Fla. Stat. (2009) (“In no event shall the association be obligated to a policyholder or claimant in an amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises.”). No such prohibition is
 
 *774
 
 found in IRLA; thus, we are not at liberty to recognize the same limitation in the present case.
 
 Exposito v. State,
 
 891 So.2d 525, 528 (Fla.2004) (noting that, when construing statutes, courts are not “ ‘at liberty to add words ... that were not placed there by the Legislature).’ ” (quoting
 
 Hayes v. State,
 
 750 So.2d 1, 4 (Fla.1999)). IRLA’s statutory scheme clearly envisions that some claims will be based on events that occur before liquidation is initiated, and that such claims are not precluded merely because the judgment is obtained after liquidation, or because the judgment exceeds policy limits.
 

 In the present case, although Appellants brought medical negligence suits against Dr. Meriwether before Caduceus’ voluntary placement in receivership, they did not obtain judgments until two and six years, respectively, after the receivership process began. Section 631.181, although not mandatory, goes so far as to state that judgments entered
 
 up to U months before
 
 the filing of a liquidation petition
 
 need not be considered
 
 as evidence of liability or amount of damages. § 631.181(2)(d), Fla. Stat. Accordingly, it was within the trial court’s discretion as to what weight to place upon Appellants’ final judgments in the claims objection process.
 

 In exercising this discretion, the trial court did not find bad faith on the part of Caduceus and determined that Appellants’ recovery should be limited to the $250,000 policy limit. Because the trial court’s ruling was not arbitrary or unreasonable, we must affirm.
 

 Appellants also argue on appeal that, in the alternative, the trial court should have awarded them monies beyond the $250,000 policy limit for litigation costs, interest, or liens. Because the trial court did not abuse its discretion in limiting Appellants’ recovery, we likewise affirm as to this issue.
 

 Conclusion
 

 In conclusion, we affirm and hold that, under the Act, the trial did not abuse its discretion in denying Appellants’ claims objections and approving Appellee’s motion for approval of distribution.
 

 AFFIRMED.
 

 KAHN and ROBERTS, JJ., concur.
 

 [1]
 

 . We note that at oral argument on May 12, 2009, the issue was raised as to whether the trial court should have conducted an eviden-tiary hearing on the issue of bad faith. Because this issue was not raised below or on appeal in the parties' briefs, we decline to address it.