**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STRATEGIC PARTNERS, INC.,

        Plaintiff-counter-
        defendant-Appellee,

  v.

VESTAGEN PROTECTIVE
TECHNOLOGIES, INC.,

        Defendant-counter-claimant-
        Appellant.

Nos.  17-56789
       18-55156

D.C. No.
2:16-cv-05900-RGK-PLA

MEMORANDUM*

STRATEGIC PARTNERS, INC.,

        Plaintiff-counter-
        defendant-Appellant,

  v.

VESTAGEN PROTECTIVE
TECHNOLOGIES, INC.,

        Defendant-counter-claimant-
       Appellee.

No.   17-56897

D.C. No.
2:16-cv-05900-RGK-PLA

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted September 10, 2019
Pasadena, California

Before: RAWLINSON, IKUTA, and BADE, Circuit Judges.

Vestagen Protective Technologies, Inc. appeals the district court's dismissal of its counterclaims against Strategic Partners, Inc. (SPI) and its award of attorneys' fees to SPI. SPI cross-appeals the district court's denial of its post-verdict motions for judgment as a matter of law (JMOL) and, in the alternative, a new trial. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not abuse its discretion in dismissing Vestagen's counterclaims without leave to amend. Vestagen's unfair business practices counterclaim, Cal. Bus. & Prof. Code § 17200 (UCL), and unjust enrichment counterclaim are superseded by the California Uniform Trade Secrets Act (CUTSA), *see K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009), and Vestagen's proposed amendments to its complaint are either superseded by CUTSA or fail to state a claim. Therefore, the district court did not err in denying Vestagen leave to amend. *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011).

The district court did not err in dismissing Vestagen's false advertising counterclaim as a matter of law. The district court did not abuse its discretion by excluding expert testimony regarding SPI's advertising, because the expert was not qualified to testify about the scientific aspects of SPI's advertisement, *see United States v. Chang*, 207 F.3d 1169, 1172–73 (9th Cir. 2000), and his non-scientific testimony did not satisfy the reliability threshold, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Although the district court's relative inflexibility in setting time limits is not favored and came close to the line, we ultimately conclude the court did not abuse its discretion by denying Vestagen's request for additional time. *See Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1507–09 (9th Cir. 1995).

In light of the evidence at trial, the district court did not err in concluding that the nondisclosure agreement (NDA) signed by Vestagen on November 27, 2011, was the only binding agreement between the parties. *See Integrated Health Servs. of Green Briar, Inc. v. Lopez-Silvero*, 827 So. 2d 338, 339 (Fla. Dist. Ct. App. 2002). The court did not err in dismissing Vestagen's breach of contract counterclaim as a matter of law, because SPI's alleged disruption of the American Society of Testing Materials (ASTM) meeting did not violate any provision of the NDA.

Finally, the court did not err in dismissing Vestagen's misappropriation of trade secrets counterclaim as a matter of law, because Vestagen disclosed its business strategy through its public efforts to have ASTM adopt higher standards favorable to Vestagen. *See Abba Rubber Co. v. Seaquist*, 235 Cal. App. 3d 1, 18 (1991). Because Vestagen's business strategy did not constitute a trade secret, evidence related to Vestagen's participation in ASTM was not relevant to proving misappropriation of trade secrets, *see United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004), and the district court did not abuse its discretion in excluding such evidence on relevance grounds.

The district court correctly determined that SPI was the prevailing party on the breach of contract counterclaim, and therefore was entitled to attorneys' fees under the NDA. *See Rose v. Rose*, 615 So. 2d 203, 204 (Fla. Dist. Ct. App. 1993).

The district court did not err in denying SPI's post-verdict motions for JMOL and, in the alternative, a new trial. Even assuming that Vestagen's advertisements contained statements that are literally false, *see Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997), a reasonable jury could conclude that Vestagen's advertisements neither deceived the public nor influenced customers' purchasing decisions. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000). For the same reason, the district court did

4

not abuse its discretion in denying the motion for a new trial. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).

**AFFIRMED.**