DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAI MORALI,**
Appellant,

v.

**AMANDA MAYAN, BARKERS PET CENTER, LLC,**
**MAN HOLDINGS, LLC,** and **HAIM MAYAN,**
Appellees.

No. 4D2023-0201

[January 24, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE19018297.

Eric Cvelbar, Miami, for appellant.

David A. Frankel of the Law Offices of David A. Frankel P.A., Hollywood, for appellees.

KLINGENSMITH, C.J.

Appellant Shai Morali appeals the trial court's order dismissing his second amended complaint with prejudice against appellees Haim Mayan; Amanda Mayan; Man Holdings, LLC; and Barkers Pet Center, LLC. The dispute at issue arises from Man Holdings' acquisition of a 50% ownership interest in Barkers, a pet resort formerly owned by Appellant and his now ex-wife. Four of the seven causes of action set forth in the complaint are pertinent to this appeal: (1) Count III – breach of contract; (2) Count IV – tortious interference with a contract; (3) Count V – declaratory relief; and (4) Count VII – fraud in the factum.[1] We affirm the trial court's dismissal of Counts IV, V, and VII. However, we reverse the dismissal of Count III for the reasons set forth below and remand to the trial court for further proceedings.

---

[1] Although Appellant's amended complaint alleged seven causes of action, Appellant's initial brief only challenges the trial court's dismissal of Counts III, IV, V, and VII.

A motion to dismiss tests the legal sufficiency of a complaint; it does not determine issues of ultimate fact. *See McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss*, 704 So. 2d 214, 215 (Fla. 2d DCA 1998) (citing *Holland v. Anheuser Busch, Inc.*, 643 So. 2d 621, 623 (Fla. 2d DCA 1994)). Consequently, a motion to dismiss is limited to the four corners of the complaint. *See Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 494 (Fla. 4th DCA 2001) (citing *Barbado v. Green & Murphy, P.A.*, 758 So. 2d 1173, 1174 (Fla. 4th DCA 2000)). The motion must assume all well-pleaded facts in the complaint, and all exhibits attached to the complaint, are true. *See id.* (first citing *Visor v. Buhl*, 760 So. 2d 274, 275 (Fla. 4th DCA 2000); and then citing *Abele v. Sawyer*, 750 So. 2d 70, 74 (Fla. 4th DCA 1999)). Additionally, all reasonable inferences should be drawn in favor of the complainant. *See Aguilera v. Inservices, Inc.*, 905 So. 2d 84, 87 (Fla. 2005) (citing *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 734-35 (Fla. 2002)). A trial court's order dismissing a complaint with prejudice is generally reviewed de novo. *See Saunders v. Baseball Factory, Inc.*, 361 So. 3d 365, 369 (Fla. 4th DCA 2023) (citing *Borrack v. Reed*, 53 So. 3d 1253, 1255 (Fla. 4th DCA 2011)).

Appellant demanded relief under Count III due to Man Holdings' refusal to honor a handwritten buyback provision in a purchase agreement for the transfer of Appellant's interest in Barkers to Man Holdings. Appellees' motion to dismiss argued that Count III failed to state a cause of action because Appellant's copy of the purchase agreement as attached to the complaint was unsigned, and the allegations set forth did not otherwise allege facts establishing mutual assent. Appellees attached their own copy of the purchase agreement to the motion to dismiss, which was signed by both parties and did not contain Appellant's handwritten provision. Appellees also attached a copy of a joint stipulation on partial equitable distribution from Appellant's dissolution of marriage proceedings stating that Appellant was selling his interest in Barkers to a third party and would no longer be involved in the finances or management of the business.

The trial court dismissed Count III because of the lack of signature on Appellant's copy of the purchase agreement attached to the complaint. However, a court can enforce a written contract despite the absence of a party's signature if other facts or circumstances establish mutuality or assent. *See Consol. Res. Healthcare Fund I, Ltd. v. Fenelus*, 853 So. 2d 500, 503-04 (Fla. 4th DCA 2003) (quoting *Integrated Health Servs. of Green Briar, Inc. v. Lopez-Silvero*, 827 So. 2d 338, 339 (Fla. 3d DCA 2002)). For example, performance under a contract can establish a party's assent in the absence of a signature. *See id.* Under such circumstances, a court should "look to a party's words and conduct to determine whether the

2

party assented to the agreement." *Fi-Evergreen Woods, LLC v. Robinson*, 135 So. 3d 331, 336 (Fla. 5th DCA 2013) (citing *H.W. Gay Enters., Inc. v. John Hall Elec. Contracting, Inc.*, 792 So. 2d 580, 581 (Fla. 4th DCA 2001)).

The amended complaint alleges that *after* receiving Appellant's version of the purchase agreement, Man Holdings wired $100,000.00 to an escrow agent in accordance with the terms of the parties' agreement. A reasonable inference could be drawn that Man Holdings assented to the handwritten provision by performing under the purchase agreement after receiving the modified document from Appellant. *See Aguilera*, 905 So. 2d at 87 (citing *Siegle*, 819 So. 2d at 734-35); *see also Fenelus*, 853 So. 2d at 503-04 (quoting *Lopez-Silvero*, 827 So. 2d at 339).

The two exhibits provided by Appellees designed to counter Appellant's unsigned contract attached to the amended complaint merely raise factual issues as to the veracity of Appellant's allegations, which cannot be resolved on a motion to dismiss. *See Weiss*, 704 So. 2d at 215.

In sum, we reverse the dismissal of Count III because the facts raised in the complaint are sufficient to demonstrate Appellant's entitlement to relief. We affirm the dismissal of all other counts without comment.

*Affirmed in part, reversed in part, and remanded.*

FORST and KUNTZ, JJ., concur.

\*            \*            \*

**Not final until disposition of timely filed motion for rehearing.**